There being no error in the record, the judgment of the court below is affirmed.

Mills, C. J., and Parker, J., concur.

---

[841.     May 3, 1900.]

NUMA REYMOND, Plaintiff in Error, v. SIMON B. NEW-COMB, Defendant in Error.

SYLLABUS BY THE COURT.

1. LAWS—CONSTRUCTION OF—BORROWED FROM SISTER STATE.—The clause, in section 2926, C. L. 1897, reciting that one of the modes in which a cause of action shall be revived is "by an admission that the debt is unpaid" being identical with the provision in the Iowa statute, in construction thereof, consideration will be given the fact that the statute was adopted from a sister state, together with the construction put upon it by the courts of that state at the time of its adoption—Bullard v. Lopex, 7 N. M. 563, followed.

2.   STATUTE OF LIMITATIONS—REVIVER BY ADMISSION.—A person hav-
ing executed a chattel mortgage to secure a certain indebtedness,
wrote to his debtor, the mortgagee, as follows: "I shall sell our
cattle the first chance. I am tired of the business and want to pay
off that mortgage." Held: sufficiently clear and unqualified to con-
stitute an admission that the debt secured by the mortgage is un-
paid, and to operate to remove the bar of the statute of limita-
tions.

*Error* to the District Court of Dona Ana county, Third
Judicial District.   Reversed and remanded with directions.

Facts are stated in the opinion.

WADE & LLEWELLYN, for plaintiff in error.

1.   Does a part payment of principal or interest on a prom-
issory note within the period of the statute of limitations toll
the statute?

It has been the almost uniform ruling of all the English
and American courts for 250 years in construing the statute of
James I, c. 16, the parent of all our American statutes on the
subject of limitations of actions, that a part payment takes the
case out of the statute.   13 Am. and Eng. Enc. of Law, p. 751,
and cases cited.

This statute is a part of the common law of the Territory.
Browning v. Estate of Browning, N. M.

And is identical in effect with our own statute, sections
2913 et seq. Compiled Laws (1897) of New Mexico.

The statute of George IV. c. 14, (Lord Tenterden's Act),
provided that all acknowledgments should be in writing.   This
statute is not in force in this Territory, but it is worthy of con-
sideration for the reason that it expressly recognizes in the fol-
lowing words the construction as to part payments given to the
statute of James:   " Provided always, that nothing herein con-
tained shall alter or take away or lessen the effect of any part
payment made by any person whatsoever."

Our statute, section 2926, Compiled Laws (1897), provides
that "causes of action founded upon contract shall be revived
by an admission that the debt is unpaid, as well as by a new

promise to pay the same, but such admission or new promise must be in writing signed by the party to be charged thereby."

There is no express statutory enactment in this Territory on the subject of a part payment.

Section 2926, sup., fixes the rule as to an oral or verbal acknowledgment. It does not undertake to say that a cause of action may not be revived in any other manner, as, for instance, by the conduct of the debtor in recognizing the validity of the debt by a part payment.

"In every State, except three or four, part payment is considered equivalent to a promise to pay the balance, unless it is accompanied by circumstances which clearly indicate that it was not so intended." 13 Am. Eng. Enc. of Law, p. 751.

Why should the Legislative Assembly desire to except this Territory from such a wholesome principle? Is it not reasonable to assume that section 2926 was enacted with full view of the construction given to the statute of James I., at the time in force in the Territory?

We are aware of the fact that the Supreme Court of the State of Iowa has, since the enactment of section 2926, decided adversely to the position we now contend for. That decision may be persuasive, but it is not controlling here. It is to be noted, too, that there is one difference between the Iowa Act and that of this Territory: The Iowa Act uses the words "are revived," while the words of section 2926 are "shall be revived." It is to be noted, too, that it does not appear that the common law provision as to the effect of a part payment was ever in force in that State. At any rate it appears that that view was not urged upon the court. Had it been, and the common law provision been in force there, we might have anticipated a different result.

2. Is the writing set forth in the complaint taken in consideration with the other allegations of the complaint, a sufficient admission under section 2926 to revive the cause of action?

In answering this question we have to take into consideration not only the wording of the writing, but the difference between section 2926 and the provisions upon the same subject

in the enactments of England and the several states and territories of the United States.

There is no subject of the law where the decisions of the courts have been so voluminous, diverse and contradictory as upon the legal effect of the various writings claimed to be acknowledgments or admissions.

The reason for this is to be found not only in the differences in the wording of the various writings, but from the failure of the statutes to define the word "acknowledgment."

The provisions of the English statute (Lord Tenterden's Act 9, George IV. c. 14) is as follows: "No acknowledgment or promise by words only shall be deemed sufficient evidence of a new or continuing contract whereby to take any case out of the operation of the said enactments * * unless such acknowledgment or promise shall be made or contained by or in some writing to be signed by the party chargeable thereby."

In the appendix to Wood on Limitations of Actions will be found a fairly complete statement of the like provisions in the enactments of the several States and Territories, from which we make the following summary:

In Maine the statute is substantially the same as that of Lord Tenderden's Act (above quoted), save that the acknowledgment must be an "express" one.

In Vermont the provision is as follows: "No acknowledgment or promise shall be held to affect a defense made under the provisions of the chapter, unless * in writing."

In the following States and Territories, Oregon, Maryland, California, South Carolina, North Carolina, New York, New Jersey, Indiana, Mississippi, Missouri, Minnesota, Michigan, Wisconsin, Nevada, Arizona, Dakota, Idaho, Montana, Utah and Massachusetts, the statutes are substantially the same as that of the English statute and clearly copied from the same.

In Alabama the statute provides: "That no act, promise or acknowledgment is sufficient to remove the bar to a suit * or is evidence of a new or continuing contract * except an unconditional promise in writing."

In Arkansas the statute provides: "No verbal promise or

acknowledgment shall be deemed sufficient evidence in any action founded on contract whereby to take any case out of the operation of this act."

In Georgia the statute provides: "A new promise, in order to renew a right of action already barred  *  *  must be in writing."

In Kansas the statute provides: "In any case founded on contract when  *  an acknowledgment of an existing liability  *  or any promise to pay the same, shall have been made, an action may be brought,  *  but such acknowledgment must be in writing."

In Ohio the statute provides: "When payment has been made upon any demand founded upon contract, or a written acknowledgment thereof, or promise to pay the same, has been made and signed,  *  an action may be brought thereon.  *  "

In Nebraska and Wyoming the statutes are almost identical with that of Kansas.

In Texas the statute provides: "When an action may appear to be barred by a law of limitation no acknowledgment of the justness of the claim  *  shall be admitted in evidence  *  unless  *  in writing.  *  " It is also provided that the statute must be pleaded to become available.

In Virginia and West Virginia the statutes provide that "No promise except by writing  *  shall take any case out of the operation (of the statute)." An acknowledgment from which a promise of payment may be implied shall be deemed to be such a promise within the meaning of this section.

We have referred to these several statutes thus at length in order that the court may note their similarity and the wide difference between them and our own statute on the same subject.

This difference is of great importance for the reason that the great mass of decisions upon the subject of the sufficiency of acknowledgments have been based upon one or the other of the enactments above set forth and consequently have little or no application to the case now before the court.

The State of Iowa alone is apparently the only State or Territory that has a statute identical with or approximating in

terms that in force in this Territory; and it is in the decisions of that State only that we expect to find the most apt authorities.

The question as to the sufficiency of an acknowledgment or admission under the English and American statutes has always been an embarrassing one to the courts, and a long list of authorities pro and con upon the sufficiency of any alleged admission can be easily produced. These embarrassing questions have arisen from the fact that neither in the English statute nor in those of the States of the American Union (save Iowa) is it stated to what point the admission shall be directed; consequently the decisions have set forth a long list of requirements which have varied from generation to generation and with the varying humors of the various judges.

But under the statutes of this Territory, as well as that of Iowa, the legislature has left little room for judicial construction.

It will be noted that under our statute (as under that of Iowa) there are two ways in which a debt may be revived: (1) By a simple admission that the debt is unpaid; and (2) by a new promise to pay the same.

The language of the statute is: "Causes of action* shall be revived by an admission that the debt is unpaid." It will thus be noted that all that is required is a statement from which it can be inferred with reasonable certainty "that the debt is unpaid." There is no requirement that the statement must show that the debtor is willing to pay the sum due, or his expectation to pay it out of some particular fund, or that the payment is conditioned upon some event, or any of the numerous other requirements which some of the courts have seen fit to read into the statutes of the states.

The writing made and delivered by the defendant to the plaintiff may be paraphrased as follows:

"Dear Raymond: You know 'that mortgage' (the one given by me to secure a note for $6,624.65, with interest, dated December 5, 1890, etc.) 'I want to pay it off,' (that is, it is still on, i. e., unpaid, and I desire to satisfy the obligation and

get rid of it.) 'I shall sell our cattle the first chance.' (This will give me the money necessary to pay you what I owe on the note and mortgage.) 'I am tired of the business and want to get out of it.'"

If this is not an admission "that the debt is unpaid," what is it?

But it will doubtless be argued that, while this writing is an admission "that the debt is unpaid," it is a promise only to apply the proceeds of the sale of the cattle, as far as they might go, in the payment of the debt and not a promise on the part of the debtor to make himself personally liable for any sum over and above that realized from the sale of the cattle; and doubtless authorities can be found to the effect that if this is a correct construction of the writing it is not sufficient.

To this we reply, first, that this is not the correct construction of the instrument, that there is nothing in it that so limits it, and, second, that even were this the correct interpretation, the authorities holding it insufficient are under the less precise statutes of other states and have no application to the simple, clear and explicit statute of this Territory providing that an admission "that the debt is unpaid" shall revive the cause of action.

And what if the defendant even failed to apply the proceeds of the sale of the cattle on the note and mortgage? Or only applied a part of such proceeds?

In the argument below much was made by the opposing counsel of the case of Shepherd v. Thompson, 122 U. S. 233. It will be noted, however, that the court says in that case that the decision is based on the statute of the District of Columbia, which is the statute of the State of Maryland, above set forth. It is therefore inapplicable to the case at bar.

As shedding light upon the question, and in order to show how much more liberal is our statute than the statutes of the other States and Territories, we call attention to the following cases decided in the State of Iowa under a statute, as before said, practically identical with our own:

"It is not necessary," says the Iowa court, "to revive a

cause of action under this statute (the Iowa statute) that there should be both an admission that the debt is unpaid and a new promise, but either is sufficient." Nelson v. Hansen, 60 N. W. 656; Stewart v. McFarland, 50 id. 221; Ayres v. Bane, 39 Iowa 519; Mahon v. Corby, 36 id. 482; Penley v. Watterhouse, 3 id. 441.

"It is not essential to a revival of a cause of action that the admission be couched in precise and direct terms; but it is sufficient if it show with reasonable certainty that the debt is unpaid." Nelson v. Hansen, sup. 656; citing Penley v. Watterhouse, sup. 441; Manchester v. Braender, 14 N. E. 405.

"A statement in the mortgage that the premises thereby incumbered were already subject to a mortgage in the hands of persons named, is a sufficient admission that the debt secured by the paramount mortgage is unpaid." Nelson v. Hansen, sup. 656; citing Palmer v. Butler, 36 Iowa 581.

In Wise v. Adair, 50 Iowa 104, the debtor wrote the creditor as follows: "How will it suit you to make those notes of the amount due you?" describing the proposed notes, and the letter was held to be a sufficient admission of indebtedness to the amount of the notes specified to revive the debt.

In Bayless v. Street, 51 Iowa 626 (2 N. W. 437), the expressions: "I am sorry that I cannot pay you now. I had expected to pay you this fall, but owing to scarcity of money I cannot. It is a long weary time I have been paying these debts and I am not through yet. I hope to live to pay you and hope to do so next spring. But I have provided in case I die before you are paid, my wife will pay you out of an insurance on my life,"—was held sufficient to remove the bar of the statute.

In Miller v. Beardsley, 81 Iowa 721 (45 N. W. 756), the expressions: "On Saturday, the 27th inst., I paid S. S. Wilcox interest on $9,000.00 which you have received probably before this time, part of which was due. Mr. Wilcox figured out the interest which was not due, saying that he did not know how you would like it. If that does not meet with your approval we will fix it some other way. I had the money and thought that you could use it and probably it would not make any difference as I

had to get exchange on New York to get it all at one time. The small note I did not pay as I shall be at considerable expense this summer on my last purchase of De Forest"—were held sufficient to revive the debt.

A letter alluding to "those old notes" concluded: "I have no money now, but you shall have every cent due on them," was held in Stout v. Marshall, 39 N. W. 80, not sufficient to take an action as to a particular note out of the statute; but the court intimate that it would have been proper for the plaintiff to identify the note by parole testimony had his pleadings warranted it, and that then the admission would have been sufficient to revive the debt.

In Southern Pacific Co. v. Prosser (Cal.) 55 Pac. 144, the writing relied upon to take the case out of the statute, was as follows:

"Dear Sir:   Referring to the traction engine at Auburn owned by me and mortgaged to the S. P. Co., I have not been able to sell it.   *   *   Now, sir, can't you give me a chance to pay in work?   The company employs many men and if you choose you can procure some employment for me.   I have a sick family and am hard up personally and need work and want to pay you besides."

This writing was held sufficient to toll the statute even under the less explicit statute of California.

The court say:   "As we read the document it was an unqualified admission of an existing debt which defendant desired to pay and also a request for leave to pay in a manner more convenient to the writer than that provided in the original contract. The suggestion as to a peculiar mode of payment not being proposed as a condition of the acknowledgment did not impair the effect of the admission.   This view of the import of the defendant's letter is strengthened, 'strongly fortified,' said the Supreme Court of New Hampshire, by the fact that the bar of the statute had not taken effect and the defendant was in no position to impose terms of payment; citing Wood on Limitations, sec. 78, and cases cited; Butterfield v. Jacobs, 15 N. H. 140-2.

"The admission or promise can only be proven by such

writing; but when an admission or promise is so evidenced other proofs are admissible to show the writing and that the debt admitted or promised to be paid is the particular debt sued upon." Miller v. Beardsley, sup. and cases cited. See also on this point: Bank v. Woodman (Iowa), 62 N. W. 28; Kelly v. Leachman (Idaho), 33 p. 44.

Oral evidence is admissible to identify the debt and its amount. Angel on Limitations, pp. 238-9 and notes; Wood on Limitations, p. 157 and note; Wood on Limitation, pp. 143-54-59; 13 Am. and Eng. Enc. of Law, p. 757; Manchester v. Braender, sup., citing Kincaid v. Archibald, 73 N. Y. 189.

Indeed, the defendant must show that the reference is to some other debt than that sued for. Wood Limitations, p. 156 and note.

In adopting the Iowa statute we adopted the construction put upon it up to the time of such adoption. Bullard v. Lopez, 37 P. (N. M.) 1104; Armijo v. Armijo, 4 N. M. 136; Draper v. Emerson, 22 Wis. 147.

Whether the admission is sufficient is for the court, but the identity of the debt admitted is for the jury. 1 Thompson on Trial, pp. 1268-70 and cases cited. See also Walsh v. Mayer 111, U. S. 31.; Rumsey & Settle's Estate (Mich.); 79 N. W. 580 and cases cited.

ALBERT B. FALL and J. F. BONHAM, for defendant in error.

1. (a.) Does a part payment of principal or interest on a promissory note within the period of the statute of limitations toll the statute?

(b) Is the writing set forth in the complaint sufficient, (coupled with the other allegations of the complaint) as an admission that the debt sued for is unpaid, to revive the cause of action?

In the lower court, plaintiff's attorney did not rely upon the first proposition, in fact the argument of counsel was entirely upon the second.

Here we will only refer to the question as to whether par-

tial payments upon a note will toll the statute, as answering plaintiff's contention in his brief.

The first authority cited by plaintiff in support of this first proposition is 18 Am. & Eng. Enc. page 751 and pages cited.

Examining this citation, we find that the limitation therein expressed, i. e., as to the states in which part payments are not construed as a renewal—are those very states which have statutes similar to ours—requiring the acknowledgment, admission or new promise to be in writing. Banning on Limitation; Penley v. Waterhouse, 55 Pac. 155.

Our own statute is stronger than many others somewhat similar, in requiring this writing to be signed by the party to be charged. See Am. and Eng. Enc., page 751, and notes.

It will be noted that the Iowa Statute from which section 2926 was bodily taken has been construed in Parsons v. Carey, 28 Iowa 431, cited above where it was held that even when the endorsement was signed by the defendant, it did not constitute an acknowledgment or a new promise such as would toll the statute. See Hale v. Wilson, 70 Ia. 312.

It is maintained by plaintiff in his brief that the statute of 21 James I, is a part of the common law of this Territory, and is identical in effect with our own statute of limitations.

Our statute has been as before said construed as to the effect of part payments, etc., by the Supreme Court of Iowa, and our Supreme Court has adopted the construction of the Iowa courts—holding practically that when a statute was adopted from another state by this Territory, our courts should be guided and governed by the decisions of the courts of the state from which we took the statute, even if such construction was contrary to the common law. Bullard v. Lopez, 8 N. M. 566; Armijo v. Armijo, 4 N. M. 65.

2. There is nothing in plaintiff's contention as to part payment tolling the statute under our law, and upon close examination such as was given this case by the court below, it will be seen that there is no more force in his objections to the judgment of the court upon the second question.

Counsel for plaintiff, page 7 of brief, say that there is no subject upon which the decisions of the courts have so "voluminous, diverse and contradictory" as upon that of the legal effect of various writings claimed to be acknowledgments or admissions.

I cannot agree with counsel in this, unless with the reservation that if there are diverse decisions, they are upon diverse statutes—and that if there are contradictory decisions upon any statutes of limitations, there are none of recent date upon statutes similar to section 2926.

Counsel for plaintiff say that under the statute of this Territory and of Iowa the Legislature has left little room for judicial construction—as to what point an admission (to renew an obligation) shall be directed.

Where we find statutes of the different states providing how outlawed obligations, debts, notes, etc., may be revived or renewed by writing, the terms generally used are similar to those of Lord Tenterden's Act—i. e.—Acknowledgment or promise. While in our statute and that of Iowa, the terms used are admission that the debt is unpaid, as well as by promise.

The counsel apparently desire to draw some fine distinction between "Acknowledgment" and "Admission," and tell us that the great trouble with all our courts is that the statutes have not defined the word "Acknowledgment." We may reply that neither have the statutes of Iowa or New Mexico defined the word "Admission."

We find, however, from such authorities as Worcester and others that "Acknowledgment" and "Admission" as used in these statutes are synonymous.

Counsel cite and quote from Iowa decisions using the words found in the opinion of the court in Stewart v. Mc-Farland, (Iowa) 59 N. W. 221.

This would appear to be unfortunate for the counsel, as the court treat admission and acknowledgment as synonymous terms, cite various authorities showing to "what point" the admission or acknowledgment must go, and stating that "Whether under the statute of this state, an unqualified admission of

a debt would be inoperative to revive the cause of action if accompanied by a refusal to pay, we need not determine," proceed to discuss the question as to whether the "admission" relied upon in that case was an "unqualified" admission and find that it was not such an admission as would revive the cause of action, merely for the reason that it (as contained in the will of the debtor) provided certain funds or pointed out certain funds out of which the debt was to be paid.

In Miller v. Beardsley, (Iowa) 45 N. W. 756, decided before Stewart v. McFarland, supra, there was an admission— without any qualification or limitation, that $9,000.00 was due, and the court found this sufficient, with which decision counsel for defendant agrees.

But again in a case even more recent than either of the two just referred to, cited and relied upon by counsel for plaintiff, viz., Nelson v. Hanson, (Iowa) 60 N. W. 655, the court treats "Acknowledgment" as contained in the Massachusetts, New York, etc., statutes and in Lord Tenterden's Act, as synonymous with "Admission" in the Iowa and New Mexico acts.

Citing Manchester v. Braender, (N. Y.) 14 N. E. 405, wherein a written order for payment of the amount due, was held a sufficient acknowledgment to toll the statute.

Citing Miller v. Beardsley, supra, and various cases from other courts, the Court continues: "But in all those cases the language used by the debtor was an unqualified admission of indebtedness in words or in legal effect; In this case the language of the admission is, 'You know that I will pay what I can, and what is right,' and they decide that this language is not sufficient."

In Stout v. Marshall, (Iowa) 39 N. W. 808, the admission relied upon was "Ira Smith is here and spoke to me in regard to our settlement of those old notes. I have no money now, but you shall have every cent that is due on them." Held not sufficient.

The Massachusetts statute—Wood on Lim. page 675, is as follows: "In actions of contract, no acknowledgment or promise shall be evidence of a new or continuing contract whereby to

take a case out of the operation of the provisions of this chapter (limitations) or to deprive a party of the benefit thereof, unless such acknowledgment or promise is made or contained by or in some writing signed by the party chargeable thereby."

In Krebs v. Olmstead, 137 Mass. 504, the case turned upon a supposed acknowledgment (not promise) where the defendant after refusing to send his note to close an account, said, "I hope, however, in the course of a few years to be in receipt of enough income to attend to your bill, together with others."

The court says that by fair implication this is an admission (acknowledgment) of the debt, but also say that the plaintiff may show a revival of the debt by a new promise in writing either absolute or conditional, and that this may be done by showing a direct and express promise, or by showing "an acknowledgment in writing * * that the debt was due, made under such circumstances and in such terms as reasonably and by fair implication to lead to the inference that the debtor intended to renew his promise of payment" * * * but it is not enough to prove such an admission of the debt, if it is accompanied by circumstances which repel such inferences, or leave it in doubt whether the debtor intended to make a new promise, and finally hold that the writing relied upon and quoted above, was not sufficient.

"The acknowledgment must be in terms sufficient to warrant the inference of a promise to pay the debt." Wood on Lim. 128.

The acknowledgment must be "unqualified." Wood, 132 to 142.

It must be "clear, plain, unambiguous and so distinct as to its extent and form * * * * as to enable the court to apply its terms as the debtor intended they should be applied." Wood Lim. 168-9.

It must be such an acknowledgment as the law will imply a new promise therefrom. Wood Lim. 179—Note.

Conditional acknowledgment does not toll the statute, sections 77, 78, 86, 87, 93. Wood.

Acknowledgment or promise must bind the debtor person-

ally, and if the promise or admission is as to some particular fund, the creditor is bound to the amount to be derived from this particular source. Wood on Lim. section 95; see also A. & Eng. Enc. Vol. 13, pages 752-3-4-5-6, and notes.

In McCormick v. Brown, 36 Cal. 180, the Supreme Court of California in considering the sufficiency of a letter as an acknowledgment under the statute of that state, which is that "No acknowledgment or promise shall be sufficient * * * unless * * contained in some writing * * * signed by," etc., say that the statute presents two modes by which the promise may be proved, the one by producing the promise itself, the other by producing the acknowledgment from which the promise is to be implied.

The acknowledgment (in the case at bar, the admission) serves no other purpose than that (i. e., evidence of a new promise or expression from which a new assumption of the burden of the debt or promise to pay it can be implied.)

Where some of the courts, and counsel for plaintiff in this case, have apparently become confused is in not bearing at all times in mind clearly, as is set forth in this McCormick v. Brown case, in Krebs v. Olmstead (Mass.), supra, and in the other authorities herein cited, the fact that an admission or acknowledgment, to toll the statute, must be one from which a promise is implied; that the acknowledgment or admission is nothing in itself except evidence of a promise, and if made as required, unequivocally, plainly, unconditionally, or without pointing out, (as in the case at bar) what is to be done, or a condition to be performed before payment, or particular funds or property from which payment is to be made, then in law is proof of the same, which will toll the statute.

The McCormick v. Brown case just cited is a very strong one, the admission or acknowledgment contained in the letter of Brown, is very full, but decided not to be sufficient and counsel respectfully urge upon the court a careful consideration of this case upon the question at bar here.

See also Bangs v. Hall, 2 Pick. 368; Whitcomb v. Whiting (notes) 1 Smith Leading cases, part 2, page 957—Painters Ap-

peal, 6 Atlantic R. 477 (Penn.) ; Gardner v. Tudor, 8 Pick. 205 ; Braithwaite v. Harvey, 36 Pac. R. 38 (Mont.) ; Miller v. Baschore, 83 Penn. St. 356, (24 Am. Rep. 187) ; Sutton v. Burruss, 9 Leigh (Va.) 381 ; 40 Azletts Adm., p. 45 ; (33 Am. Dec. 246) ; Wilcox v. Williams, 5 Nevada 206 ; Trainer v. Seymour (Texas) 32 S. W. Rep. 154 ; Stout v. Marshall (Iowa) 39 N. W. 808 ; Trustees v. Gilman, 55 Miss. 148 ; 3 Iowa 320 ; 3 Greene (Iowa), 322 ; Richards v. Hayden, 57 Pac. 978.

The note sued on in this case was secured by a mortgage of even date upon certain cattle of defendant.

It is of course admitted by the demurrer that the mortgage referred to in the letter of defendant to plaintiff of February 1, '97, is this mortgage upon the cattle.

Under our statute, differing from that of nearly every other state or territory, a mortgage given to secure the payment of a note, expires with the note, i. e., if the note is barred by the statute, the mortgage is barred, at the same time, section 2915. This section is practically the same as that of California.

The debt and mortgage are two distinct causes of action. Jones on Mortgages, Vol. 2, Secs. 1203, 1207 ; see Lord v. Morris, 18 Cal. 483 ; Gower v. Winchester, 33 Iowa 303, and authorities cited in Jones, Sec. 1207, supra.

If the statute of limitation does not apply to a mortgage as to a note, as is the case in a majority of the states, then of course, even after the debt is barred, the equitable remedy may be pursued against the mortgaged property. In Belknap, Adm'r, v. Gleason 11 Conn. 160 (27 Am. Dec. 725), the court says: "Our statute of limitation operates upon negotiable notes in six years; * * notes not negotiable * * seventeen years * * * entries on land * fifteen years ;" and proceed to show how upon a debt evidenced by a negotiable note, the debt would be barred in six years while the mortgage (if upon real estate) might be enforced in fifteen years after date, while if the debt was evidenced by a non-negotiable note, the debt would not be barred for seventeen years, while the mortgage remedy would be in fifteen years.

It was a question in the mind of the California Court, Lord

v. Morris, supra, whether a renewal or revival of the debt or note would revive the mortgage; but we may admit that such would be the result, and it does not follow that the revival or renewal of a mortgage, by an acknowledgment or admission that it was unpaid, would revive the debt.

For instance, in Connecticut it would be possible to make a new promise or acknowledgment or admission as to the mortgage after the fifteen years had expired, and renew or revive it, but certainly no one would contend that this revived the debt more than nine years barred so as to charge the debtor personally.

The chattel mortgage under our laws is an incident merely, the debt is the substance, hence an acknowledgment that the mortgage was not paid off should not revive the debt except to the extent of the mortgaged security.

We have discussed the law as counsel for defendant understands it, from the different states courts and from analogy, but happily the highest court of the land has, to our mind and to that of the court below, settled the question now under consideration beyond cavil or question.

Counsel for plaintiff, page 12 of brief, dismiss the case of Shepherd v. Thompson, 122 U. S. 233, with the remark that this decision was upon the statute of the District of Columbia, taken from Maryland, and not applicable to this case.

Counsel, as we have seen, page 1 of brief for plaintiff, says that "this statute (21 James 1 c. 16) is a part of the common law of the Territory."

Mr. Justice Gray, in Shepherd v. Thompson, says that the statute in the District of Columbia is the statute of Maryland, closely following "the language of the English St. 21 Jac. 1 c. 16, but bars an action on a promissory note * * in three years * * ."

It will be seen that plaintiff invokes the statute of James 1 when he thinks it will help his cause, and then insists that any construction of that statute contrary to his contentions is not binding upon him, although by the Supreme Court of the United States.

It is not only the construction of this statute of James, however, which is discussed and decided in Shepherd v. Thompson, but also the general law and course of decisions as to limitations and as to acknowledgments or admissions as renewing or reviving debts or causes of action.

The case of Bell v. Morrison, 1 Peters (U. S.), 350-612, goes very fully into the decisions of the courts of England and the United States, upon statutes of limitation, and discusses the policy, etc., of such statutes.

The learned Judge Story deprecates the departure of the English courts from their former adjudications where they required the strictest proof of an unconditional, plain, and unambiguous acknowledgment or admission, and expresses the gratification which our Supreme Court felt that even then (A. D. 1828) the tendency of these courts was to retrace their steps.

The court also says that the statute is a "wise and beneficial law," and that it is to be regretted that some courts had viewed it as an "unjust and discreditable defense," and further that "if there be no express promise, but a promise is to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous, subsisting debt, which the party is liable and willing to pay. If there be accompanying circumstances, which repel the presumption of a promise or intention to pay; if the expressions be equivocal, vague, and indeterminate, leading to no certain conclusion, but at best to probable inferences, which may effect different minds in different ways, we think they ought not to go to a jury as evidence of a new promise to revive the cause of action."

The admission relied upon in the Bell v. Morrison case was "I know we are owing you, and I am anxious it should be settled." Defendant then stated that he was growing old and wished to have the business settled and to have done with it, and offered to give plaintiff seven thousand dollars and have done with it. The court (page 625) say that this was a conditional offer, and would not toll the statute.

The Supreme Court of the United States has only followed

the lax decisions of the English courts in construction of these statutes of limitation very reluctantly, as intimated in Bell v. Morrison, and one of the English decisions, Whitcomb v. Whiting, cited therein, which was for years a leading case, has not only been questioned, but finally overruled by the later decisions. In fact, the expressed desire of our Supreme Court has been to get back to the principles regarding acknowledgments and admissions as reviving causes of action, which were originally announced in England, and only in accordance with state construction following these lax decisions has the Supreme Court ever concurred in them.

The trend of more recent decisions in England as well as in our state courts has been toward a strict construction or interpretation of so called admissions or acknowledgments, as we have seen in cases cited.

Finally in the case referred to, supra, i. e. Shepherd v. Thompson, 122 U. S. 232, the law for us has been so clearly and explicitly declared that defendant respectfully urges consideration of the same as supporting his demurrer absolutely, and leaving no ground for contention in this case.

Shepherd gave his two notes on March 10, 1873, payable to Thompson, one for $7000.00, due two years from date, one for $8000.00, due three years from date, and secured same by deed of trust of same date upon land.

On November 15, 1876, Shepherd made a deed of trust upon other property, including a claim against the United States, to George Taylor and others, to secure his creditors, and on June 21, 1877, signed an instrument, assented to in writing by Taylor and the other trustees joined by Bradley, who held the legal title to the said claim in his name for the use of Shepherd, whereby said claim, "and all the proceeds thereof," was "assigned and pledged and made applicable" to the payment of the Thompson debt (i. e. the two notes above set forth) "in consideration of the indebtedness described in the deed of trust to William Thompson," describing said deed of trust fully, and plainly identifying the debt.

The statute of limitations of the District of Columbia was, as we have seen, upon promissory notes three years, and there is no provision that a new promise, acknowledgment or admission should be in writing.

The first note was barred, unless revived or renewed, on March 10, 1878, the second, on March 10, 1879.

The action was brought March 11, 1880. The question was whether the instrument signed by Shepherd (with Taylor, Bradley and others consenting) on June 21, 1877, "is evidence of a sufficient acknowledgment or promise to take the case out of the statute."

Counsel for Thompson in his points says:

"It is objected that the so-called assignment (of this claim) does not contain any such acknowledgment of the indebtedness as that the law would imply from it a new promise * * (it) distinctly acknowledges and recognizes the indebtedness by reference to another paper * * in evidence * * in which the indebtedness is specifically described. It distinctly promises to pay that indebtedness, and it distinctly gives security for the payment of it." "Was there ever a new promise more distinctly and unequivocally and solemnly evinced?" "If this paper is not evidence of a new promise in writing, it is impossible to draw a paper that would be."

The Supreme Court go into the questions involved fully. They say that the statute of limitations is to be upheld and enforced, and that a mere acknowledgment (admission) of a debt is not sufficient; that "there must be a distinct and unequivocal acknowledgment of the debt as still subsisting as a personal obligation of the debtor.

The admission or acknowledgment must be "in terms from which an unqualified promise to pay it (the debt) is necessarily to be implied," Id., and it has often been held that when a debtor in the same writing by which he acknowledges the debt * * agrees that certain property

shall be applied to its payment, there can be no implication of a personal promise to pay," Id. p. 238.

"It (the acknowledgment) begins with a reference * * to the original debt designating it  * *.

Then follows a pledge of a certain claim  * *  and its proceeds  * * *  and concludes with a promise  * * that the proceeds of the claim shall be applied to the payment of said indebtedness."

" * * *  this agreement and not the old debt is the measure of the plaintiff's right.  The provisions for the payment  * *  out of a particular fund exclude any implication of a personal promise to pay,  *" Id. 240.

The court say, that to construe the acknowledgment relied upon in any other manner would be "to fritter away the statute of limitations."  Id. 240.

Measure the "admission" here by the rule referred to and also set forth in the other cases cited.

There is a note—: a mortgage on cattle to secure it; an "admission (?)"

"I shall sell our cattle (those mortgaged) the first chance.  I am tired of the business and want to pay off that mortgage;" an admission that there was a mortgage, a desire or hope expressed to pay it off— (compare with Bell v. Morrison, supra) and an intention expressed to sell cattle and apply the proceeds to the paying "off the mortgage;" no promise to make it a personal obligation; no recognition or admission of the mortgage debt as a personal obligation, and no such admission as by which the law could presume or imply a promise to pay as a personal obligation; in fact nothing left for inference or implication; simply a hope or desire to pay "it off" and with the proceeds of the cattle.

To give any other construction to this "admission" would be to overrule the Supreme Court of the United States, as well as every other well-considered case of modern times, and in' the language of our Supreme Court to "fritter away the statute of limitations."

CRUMPACKER, J.—On the twelfth of April, 1899, the plaintiff in error, Numa Reymond, filed his complaint against the defendant in error, Simon B. Newcomb, in the third judicial district court for the county of Doña Ana. Afterwards, an amended complaint was filed in the cause, and this was afterwards still further amended by the filing of a second amended complaint. To this second amended complaint the defendant filed a demurrer, which was sustained by the court, and the plaintiff in error electing to stand upon his second amended complaint, the cause of action was thereupon by the judgment of the court dismissed. For a review of this ruling of the court below, the plaintiff in error has brought the cause into this court, assigning the following errors: 1. The court erred in and by its judgment in holding the complaint insufficient and dismissing the action. 2. In determining that the several payments made by the defendant upon the note did not take the case out of the operation of the statute of limitations. 3. In determining that the writing set forth in the complaint was not a sufficient admission, coupled with the other allegations of the complaint, to revive the cause of action. The facts admitted by the demurrer are substantially as follows: That on December 5, 1890, defendant made and delivered to the plaintiff, in this Territory his promissory note, in writing, for the sum of $6,624.63, which became due and payable one year after date; that at various times during the period of time intervening between the maturity of the note and the filing of the complaint in the district court, the defendant made various payments on the note to the plaintiff, which were duly credited thereon, the last of such payments being within six years prior to the bringing of the action, and the total payments amounting to $1,956.72; that at the time of the execution of the note the defendant executed and delivered to the plaintiff his mortgage on certain property therein described, to secure the payment of the note; that afterwards, to wit: on February 1, 1897, the defendant delivered to the plain-

tiff a writing as follows: "Las Cruces, N. M., February 1, 1897. Dear Reymond: I shall sell out cattle at the first chance. I am tired of the business and want to pay off that mortgage. (signed) Simon B. Newcomb"; and that the mortgage mentioned in said writing is the mortgage given by the defendant to secure the payment of the note sued upon in the complaint. The grounds of demurrer were that the note and original contract are barred by the statute of limitations; that the payments set up did not constitute such a new promise or admission of the indebtedness, as would renew the contract; that the writing set up in the complaint did not constitute a new promise to pay the original debt, and that the petition stated no cause of action, etc.

The two questions presented and argued in the briefs are: first, is the writing set forth in the complaint a sufficient admission that the debt is unpaid to revive the cause of action founded upon the contract, and, second, does a part payment of principal or interest on a promissory note within the period of the statute of limitations toll the statute? A determination of the first question disposes of the case.

Our statute, (section 2926, C. L. of 1897) provides that "causes of action founded upon contract shall be revived by an admission that the debt is unpaid, as well as by a new promise to pay the same, but such admission or new promise must be in writing signed by the party to be charged thereby." We find no case decided by the Supreme Court of this Territory in which this statute has been construed with reference to what shall be deemed a sufficient admission that the debt is unpaid; but observe that in the case of Bullard v. Lopez, 7 N. M. 563, where it was contended that it was apparent from the similarity of the language employed in the Iowa statute and in our statute that we adopted the Iowa statute with the construction placed upon it up to the time of such adoption,

LAWS: construction of: borrowed from sister state.

this court held that some consideration in construction should be given to that fact when we incorporate into our law a statute of this kind from a sister state, and under the authority of Armijo v. Armijo, 4 N. M. 65, there recognized this principle by adopting the construction of the statute upon the question there in controversy placed upon it by the Iowa courts. The language used in the Iowa act and that used in our act, as to one of the modes in which the cause of action may be revived, being, "by an admission that the debt is unpaid," and identical, we shall, in recognizing the principle which controlled the court in Bullard v. Lopez, supra, view the alleged admission in this case, upon the question of its sufficiency to revive the cause of action, in the light of the Iowa decisions and give consideration to the construction given similar admissions by that court. The Iowa Supreme Court has, under the statute of that state, held the following to be unqualified and sufficient admissions of indebtedness, either in words or in legal effect: A statement in the mortgage that the premises thereby incumbered were "already subject to a mortgage" in the hands of persons named, held a sufficient admission that the debt secured by a paramount mortgage is unpaid. Palmer v. Baxter, 36 Io. 581. "How will it suit you to make three notes of the amount due you?" describing the proposed notes, was held a sufficient admission of indebtedness to the amount of the notes specified to revive the debt. Wise v. Adair, 50 Io. 104. "I am sorry I cannot pay you now. I had expected to pay you this fall, but owing to scarcity of money I cannot. It is a long weary time I have been paying those debts, and am not through yet. I hope to live to pay you and hope to do so next spring, but I have provided, in case I die before you are paid, my wife will pay you out of an insurance on my life." Held sufficient. Bayliss v. Street, 51 Io. 627. "On Saturday I paid S. S. Wilcox interest on $9,000, which you have received probably by this time, part of which was not due. Mr. Wilcox figured the interest out that was not due, saying

he did not know how you would like it. If that does not meet with your approval, we will fix it some other way. I had the money and thought you could use it and probably it would not make any difference as I had to get exchange on New York to get it all at one time. The small note I did not pay as I shall be at considerable expense this summer on my last purchase of Deforest." Miller v. Beardsley, 81 Io. 721. It will be seen, therefore, that the rule laid down by the Iowa court prior and subsequently to our adoption of the statute is that it is not essential to a revival of a cause of action that the admission be couched in precise and direct terms; but it is sufficient if it show with reasonable certainty that the debt is unpaid. Nelson v. Hansen, 60 N. W. 656; Penley v. Waterhouse, 3 Io. 441; Palmer v. Butler, supra; Mahon v. Cooley, 36 Io. 483; Wise v. Adair, supra.

Does the writing relied upon it this case to remove the bar of the statute of limitation show with reasonable certainty that the debt is unpaid? "Dear Reymond: I shall sell our cattle the first chance; I am tired of the business and want to pay off that mortgage." Counsel for defendant in error contends that this statement is an admission that there was a mortgage, a hope expressed to pay it off and to apply the proceeds derived from a sale of the cattle thereon; that it was not an admission of the debt as a personal obligation, and was not such an admission from which the law will imply a promise to pay, relying upon the case of Shepherd v. Thompson, 122 U. S. 232, where the Supreme Court of the United States held that a mere acknowledgment of a debt is not sufficient, but that there must be a distinct and unequivocal acknowledgment of the debt as still subsisting as a personal obligation of the debtor. In that case, however, the Supreme Court of the United States was considering a statute in force in the District of Columbia, which is the statute of Maryland, and is quite different from the Iowa and New Mexico statutes, and the case is not in point here. As said in the case of

Mahon v. Cooley, supra, the admission alone is sufficient; it is not regarded as a contract, but is simply a written declaration that the debt is unpaid. The case of Palmer v. Butler, supra, is exactly in point, the admission that the premises were already subject to a mortgage being held sufficient to remove the bar. The construction we place upon the writing is, in view of the facts confessed as true by the pleadings, that the mortgage therein referred to is the identical mortgage given as security for the indebtedness alleged to be due; and thus identified, the expression of a desire "to pay off that mortgage" leaves but little room for further judicial construction. "That mortgage" was a conveyance of certain personal property to secure the debt of the mortgagor (defendant in error) which being conditional at the time, would become absolute if at a fixed time the property was not redeemed. "To pay off that mortgage" it would be necessary to pay the debt which the mortgage secured; and the debt which it secured is, as we have seen, the debt in suit; and a desire to pay off a debt, if expressed in the formality required by the statute is in legal effect an admission that the debt is unpaid. We find no reason to sustain the contention of counsel for defendant in error that the expression "I shall sell our cattle first chance," as used in the writing, conveys the meaning that defendant in error wanted to pay off the mortgage only to the extent that the application of the proceeds derived from a sale of the cattle would admit; though the expression quoted would seem to warrant the inference that the proceeds of such sale would be applied to the payment of the indebtedness. Admissions, couched in less precise and direct terms than the one here in controversy, have been held sufficient under the much less explicit statutes of various states. Southern Pacific Railroad Co. v. Prosser (Cal.) 55 Pac. 144; Manchester v. Braender, 14 N. E. 405.

STATUTE of limitations: reviver by admission.

We conclude that the admission that the debt is unpaid

relied upon in this case, is unconditional, unlimited and reasonably certain, and is, therefore, sufficient, and operated to revive the cause of action founded upon the contract set out in the complaint.

The judgment of the court below in sustaining the demurrer and dismissing the complaint was, for the reasons stated, erroneous and is reversed, and the cause should be remanded with directions to the court below to reinstate the cause and to proceed in conformity with law.

MILLS, C. J., and McFIE, J., concur.

_____

[858.   May 3, 1900.]