HOLM v. PRATT, District Court Judge, et al.

No. 3267. Decided Nov. 16, 1918. (176 Pac. 266.)

1. COURTS—CONFLICTING JURISDICTION—DIVORCE ACTION—GARNISH-MENT. Where district court in divorce action granted order restraining, pending the action, a bank from disposing of money deposited therein in the names of husband and wife, another district court could not in garnishment proceeding by a creditor of defendant husband impound the fund and withdraw it from jurisdiction of first court. (Page 596.)

2. PROHIBITION—ADEQUACY OF REMEDY BY INTERVENTION. Where wife sued for divorce and was granted order restraining bank from disposing of money standing in her and her husband's names, and a judgment creditor of husband garnished bank in another district court, whereupon judge of first court ordered fund to be paid to the clerk and granted a motion of creditor for leave to intervene in divorce proceeding, such creditor will be denied a writ of prohibition to prohibit the judge from exercising jurisdiction over such money. (Page 596.)

Proceeding by James Holm to procure writ prohibiting defendant A. E. Pratt, as Judge of the District Court of Weber County, from exercising jurisdiction respecting certain matters pertaining to the action of Emily D. Freenor against Frank J. Freenor pending in said court.

WRIT DENIED.

*W. R. Hutchinson* and *Cheney, Jensen & Holman* for plaintiff.

*A. G. Horn* for defendants.

THURMAN, J.

This is a proceeding to procure a writ of prohibition prohibiting the defendant Pratt, as judge of the district court of Weber County, from exercising jurisdiction respecting certain matters pertaining to an action pending in said court.

The pleadings are voluminous, and we will not undertake to set them out in detail. The substance of the material facts is as follows:

On the 21st day of June, 1918, one Emily D. Freenor filed her complaint in the office of the clerk of said district court against her husband, Frank J. Freenor, for divorce, alimony, and counsel fees, and for general relief. The First National Bank of Brigham City was made a defendant in the action. The complaint, among other things, alleged that certain real property belonging to plaintiff and defendant had theretofore been sold, and the proceeds thereof, amounting to $3,419.95, had been deposited in said bank with instructions not to pay the same to any one except upon the joint order of herself and husband. The complaint also alleged that there were three minor children, issue of the marriage between herself and her husband, that she was without means to prosecute the action or to support herself and children, and that the defendant would dispose of said property unless restrained by order of the court. Upon these grounds plaintiff prayed for alimony

pendente lite and means to prosecute her action, also that the defendants be restrained from disposing of the property, and that the defendant bank be ordered and directed to turn over to plaintiff all the money deposited therein. The restraining order prayed for was duly issued and served, together with a copy of the complaint and summons, on the defendant bank, and return of service was duly filed with the clerk of said court on the 25th day of June, 1918. The defendant Freenor entered his appearance by his attorney on the 22d day of the same month.

The plaintiff in the present proceeding, having procured judgment for the sum of $10,000 and costs against said Frank J. Freenor in the district court of Salt Lake county prior to the proceedings in the district court of Weber county above set forth, on the 24th day of June, 1918, caused execution to be issued by the Salt Lake court for the satisfaction of the said judgment obtained therein, and also caused to be served a writ of garnishment therein on the First National Bank of Brigham City, defendant in the divorce proceeding. The bank answered said writ, admitting that it had in its possession the said sum of $3,419.95, and that Emily D. Freenor (plaintiff in the divorce proceeding) claimed some interest therein.

Thereafter various proceedings were had in each of said courts respecting said funds, the plaintiff in this proceeding appearing by his counsel in the district court of Weber county and protesting against the defendant as judge of the said court attempting to exercise jurisdiction respecting said funds, while, on the other hand, the defendant, as judge of said court, made an order allowing plaintiff in the divorce proceeding the sum of $400 as alimony pendente lite, and the further sum of $100 as fees for her attorney in prosecuting the action, and, at a later date, ordered and directed the bank to pay over all of said funds to the clerk of said court. The particular details as to just what was done by either party to this proceeding after the issue and service of the writ of garnishment on the Brigham City bank, in the judgment of this court, is immaterial.

The plaintiff herein, assuming that, by causing the writ of garnishment to be issued and served, he had thereby effectually impounded the funds in dispute and removed the same from the jurisdiction of the defendant, brought this proceeding to prohibit the defendant, as judge, from proceeding further as far as the fund in question is concerned.

The defendant Pratt, as judge of said court, contends that the court over which he presides has full and complete jurisdiction in proceedings in divorce and matters incident thereto, including alimony, adjustment of property rights, and jurisdiction over property for the purpose of making such adjustments.

Plaintiff has not furnished the court with any brief or citation of authorities in support of his contention. Indeed, we would be much surprised to find a decision of any reputable court in support of the doctrine for which he contends. The district court of Weber County undoubtedly had jurisdiction to entertain proceedings in divorce, to determine the question of alimony, and to adjust the property rights of the parties to the proceedings. Ancillary to this power, under the complaint of the plaintiff, the court had power to restrain the disposition of the property by the defendants pending the action in order that substantial effect might be given to any decree determining the property rights of the parties. If it is conceded that the court had this power, what a travesty in the name of law must be the contention of plaintiff that another court with only concurrent jurisdiction, in order to satisfy a judgment in a cause before it, can by a mere garnishment proceeding, impound the fund in question and withdraw it entirely from the jurisdiction of the court which, in the exercise of its rightful jurisdiction, had restrained its disposition in order to effect the ends of justice.

There is a further answer to plaintiff's contention, and one that to our minds is conclusive of the questions involved. After the proceedings in both the Weber and Salt Lake courts above described, the plaintiff moved the Weber court for leave to intervene in the divorce proceedings, which motion was granted. But, instead of adopting this

plain, speedy, and adequate remedy by intervening in said cause, wherein any right he may have had as a judgment creditor might have been adjudicated and determined in connection with the rights of plaintiff in the divorce proceeding, plaintiff herein chose to prosecute the present action for the purpose of withdrawing the fund in question entirely from the jurisdiction of the court over which the defendant presides. The reason is all against the remedy sought. In the absence of any authority in support of it, this court declines to sanction such a proceeding. Defendant has cited many authorities bearing more or less upon some of the questions involved. 2 Nelson on Div. & Sep. par. 938, and cases cited; *Powell v. Campbell*, 20 Nev. 232, 20 Pac. 156, 2 L. R. A. 615, 19 Am. St. Rep. 350; *Wilkinson v. Elliott*, 43 Kan. 590, 23 Pac. 614, 19 Am. St. Rep. 158; *Daniel v. Hodges*, 87 N. C. 98; *Tolerton v. Williard*, 30 Ohio St. 579; *Vanzant v. Vanzant*, 23 Ill. 536; *Sapp v. Wightman*, 103 Ill. 150; *Isler v. Brown*, 66 N. C. 556; *Berg v. Ingalls*, 79 Tex. 522, 15 S. W. 579.

Other questions are presented for our consideration, but they are of minor importance, and not in any sense controlling.

For the reasons above stated, it is ordered that the temporary writ heretofore issued be quashed, and the permanent writ prayed for denied, at plaintiff's cost.

FRICK, C. J., and McCARTY, CORFMAN, and GIDEON, JJ., concur.