184 P.2d 114

## MARINE TRUST CO. OF BUFFALO, NEW YORK, v. LORD.

### No. 4979.

Supreme Court of New Mexico.

Aug. 25, 1947.

M. W. Hamilton, of Santa Fe, for appellant.

Charles B. Barker, of Santa Fe, for appellee.

John T. Watson, of Santa Fe, for administrator de bonis non.

LUJAN, Justice.

On December 12, 1930, Neil P. Renehan, borrowed $1,000 from his uncle, Fred D. Corey, to secure the payment of which he pledged certain shares of American Telephone and Telegraph Company and Union Gas Corporation stocks. Apparently, the loan was a demand obligation matured in August, 1935. The indebtedness was not paid and on September 15, 1941, the appellee, as successor in interest of Corey, filed this action. On August 23, 1945, it was awarded judgment for $1,330.42, less certain credits to be made when the stocks in the United Gas Corporation should be sold. Shortly after the rendition of the judgment, Renehan died. Under a stipulation of counsel, filed herein, DeForrest D. Lord, as administrator de bonis non of his estate, was substituted as appellant by order duly entered.

Appellant interposed three defenses in the lower court: (1) that at the time the action was filed it was barred by the Statute of Limitations; (2) that the stock was pledged on the express condition that if its market value decreased to the approximate sum of the loan, it should be sold by Corey and the indebtedness thereby liquidated; and (3) that Corey held the stock until its market value had diminished below the amount of the loan.

It will be seen from the statement of facts that the debt became barred by the statute, more than four years having elapsed after its maturity before action was taken, unless the cause of action was revived. Revivor is claimed by virtue of a certain letter written by Renehan to Mrs. Corey.

Secton 27-115, New Mexico Comp. 1941, reads: "Causes of action founded upon contract shall be revived by an admission that the debt is unpaid, as well as by a new promise to pay the same; but such admission or new promise must be in writing, signed by the party to be charged therewith. * * *"

The letter in question reads as follows:

"January 10, 1940

Dear Winifred:

I just received your letter as I have been away for the past two weeks.

At the time that I borrowed $1,000.00 from Uncle Fred I did, as you state in your letter, pledge as security for the loan 3 shares of American Telephone and Telegraph Company Capital stock and 100 shares of United Gas Company common stock. These stock certificates were endorsed by myself and turned over to Uncle Fred at the time of the loan. They were worth at that time approximately $2,500.00. At the time I requested the loan I asked Uncle Fred to consider the stock as his own

and to dispose of it if it got close to the amount of the loan plus interest.

Later on when the stock did get down to a point just covering the loan I told Uncle Fred that he had better sell the stock as I did not see any immediate prospects of being able to pay him back. However, Uncle Fred considered the stock to be worth a good deal more than it was selling at and said that he would hold it until times and conditions were better. He was really doing me a great favor by acting in that way because I also thought that the market would eventually pick up and the stock would again be worth somewhere near what I paid for it.

At the present time United Gas Company common stock is selling in the neighborhood of $2.00 a share, and of course with my endorsement you have a perfect right to sell this stock at any time you see fit.

For the many things that Uncle Fred did for me I do want to do anything within my power for you, and will do so when I am financially able to, but at the present time we are all having pretty tough going.

My best to you and the children,

Sincerely yours,
Neil"

█ The trial court held that the indebtedness had been revived by the above letter. Our statute does not prescribe any particular language for an acknowledgement or promise sufficient to lift its bar. It is enough if it shows the writer has treated the indebtedness as subsisting and one for which he is liable and willing to pay.

█ We are of the opinion, and so hold, that the above mentioned writing is a sufficient acknowledgement of the indebtedness and constitutes a promise to pay the same under the test prescribed in Joyce-Pruitt Co. v. Meadows, 27 N.M. 529, 203 P. 537. The report of that case has a full and exhaustive discussion of the point at issue here. We deem it unnecessary to add to the discussion there found since it fully supports our holding in this case. See, Also, Romero v. Hopewell, 28 N.M. 259, 210 P. 231; Cleland v. Hostetter, 13 N.M. 43, 79 P. 801; and Reymond v. Newcomb, 10 N.M. 151, 61 P. 205.

█ The trial court refused to find at appellant's request as a condition attached to the holding of the collateral by appellee that same was to be sold and the proceeds, or so much thereof as might be necessary, applied in satisfaction of the debt, whenever the market value of the stock so held might diminish to the approximate amount of the loan. We have but to determine whether the trial court erred in refusing to make this requested finding. Without going into detail, it suffices to say that the evidence was such that it supports the finding of the court on this issue. Such being the case, we will not disturb it.

The judgment will be affirmed and it is so ordered.

BRICE, C. J., and McGHEE and COMPTON, JJ., concur.

SADLER, J., did not participate.