322 P.2d 1075

John M. GREATHOUSE, Plaintiff,

v.

Pauline Wray GREATHOUSE, and Geophysical Engineering Corporation, a corporation, Defendants and Third Party Plaintiffs, Appellees,

Karl Kothman, Third Party Defendant, Appellant.

No. 6308.

Supreme Court of New Mexico.

March 11, 1958.

Grantham, Spann & Sanchez, Albuquerque, for appellant.

Rolando J. Matteucci, Avelino V. Gutierrez, Albuquerque, for appellees.

COMPTON, Justice.

The controversy on appeal is between appellee, Pauline Wray Greathouse as third party plaintiff and Karl Kothman, third party defendant. The divorce action was commenced February 10, 1956, in Division 4 of the District Court of Bernalillo County, for divorce, custody of children and for division of the community property. In due time these issues were tried, and apparently settled by decree.

Subsequently, however, appellee moved to vacate the decree for the reason that the plaintiff had fraudulently failed to disclose certain shares of stock of Geophysical Engineering Corporation allegedly belonging to the community. On September 7, 1956, the decree was set aside, Geophysical was made a party defendant, and both plaintiff and Geophysical were restrained from conveying, encumbering, transferring, or otherwise disposing of the stock, pending further orders. Thereafter, on January 16, 1957, appellant, who was then president of Geophysical, was made a third party defendant. Meanwhile, on September 26, 1956, he had brought a separate action and obtained judgment against the plaintiff in Division 3 of the District Court of Bernalillo County on a promissory note. Shortly thereafter he caused execution to be levied on the stock to satisfy his judgment. Answering the third party complaint, he asserted priority as a result of the levy theretofore made. At a hearing on the merits, the Judge of Division 4 found that the stock was a part of the community, that it was in custodia legis, and entered judgment awarding the shares of stock to appellee and her attorneys. From this ruling, appellant appeals.

■ The findings have not been challenged ostensibly for the reason that our decision must rest on a jurisdictional question, one which may be raised here for the first time. In re Conley's Will, 58 N.M. 771, 276 P.2d 906; Heath v. Gray, 58 N.M. 665, 274 P.2d 620.

■ The validity of the writ of execu-tion issued out of Division 3, is the decisive question. The parties argee that the court first acquiring jurisdiction of the subject matter of the action is permitted to retain it, with certain exceptions, as against another court of concurrent jurisdiction, but both claim priority in this regard. Appellant must yield; the restraining order effectively conferred jurisdiction of the res on the divorce court and subjected the shares of stock to the jurisdiction of the court having jurisdiction of the marital status of the parties. This is true even though the court did not at the time take actual possession of the res. State ex rel. Parsons Mining Co. v. McClure, 17 N.M. 694, 133 P. 1063, 47 L.R.A., N.S., 744; Holm v. Pratt, 52 Utah 593, 176 P. 266; Benson v. District Court, 57 Idaho 85, 62 P.2d 108; Sullivan v. Algrem, 8 Cir., 160 F. 366; Farmers' Loan & Trust Co. v. Lake Street Elevated Railroad Co. of New York, 177 U.S. 51, 20 S.Ct. 564, 44 L.Ed. 667.

■ This opinion is not to be construed as holding that a judgment creditor may not look to the community property for satisfaction of his judgment. The opposite is true; either party to a divorce action may bring in third parties who claim an interest in the property alleged to be community, or third parties themselves may intervene and have their rights there-in determined. Elms v. Elms, 4 Cal.2d 681, 52 P.2d 223, 102 A.L.R. 811; Holm v. Pratt, supra; Benson v. District Court, supra. See also 17 Am.Jur., Divorce and Separation, page 118, where rights and remedies of third parties are discussed. But appellant did not pursue this remedy, he sought to subject the stock to Division 3 for disposition.

There is sound reason for the rule. Not only is the state greatly concerned with marriage and divorce, it has as well a definite interest in the orderly determination of property rights of the parties involved. To that end statutes have been enacted. Sections 22-7-3 and 22-7-6, 1953 Comp., New Mexico Statutes. Otherwise, what might appear to be an equitable division of the community property, could be thwarted by one of the parties acting in conjunction with third parties.

We note that no point is made that the divorce court was without jurisdiction to award a portion of the shares to appellee's attorneys simply because they were not parties to the action. Hence, the question needs no discussion, but see Feldhut v. Latham, 60 N.M. 87, 287 P.2d 615; Lloyd v. Lloyd, 60 N.M. 441, 292 P.2d 121; La Rue v. Johnson, 47 N.M. 260, 141 P.2d 321.

Other points are strongly urged for a reversal of the judgment. The solution of

24

the jurisdictional question, however, is decisive of those questions and they need not be discussed.

The judgment should be affirmed, and it is so ordered.

LUJAN, C. J., McGHEE, J., and J. V. GALLEGOS, District Judge, concur.