408 P.2d 143 (1965)
75 N.M. 566
Elizabeth Ann MALCOLM, Plaintiff-Appellee and Cross-Appellant,
v.
Gilbert C. MALCOLM, Defendant-Appellee and Cross-Appellee,
Loren Malcolm, Intervenor-Appellant and Cross-Appellee.
No. 7675.
Supreme Court of New Mexico.
November 22, 1965.
Wright & Kastler, Raton, for intervenor-appellant and cross-appellee.
Botts, Botts & Mauney, Albuquerque, for plaintiff-appellee.
MOISE, Justice.
This is an action wherein plaintiff-wife sued defendant-husband for divorce, child custody, support for the children, division of community property, and attorney fees. Appellant, mother of defendant, intervened for the purpose of establishing a debt owing to her in the amount of $11,344.62, plus interest at four per cent per annum by the community, and sought to charge the community *144 real estate with a first lien for its payment.
After a trial, the court found that intervenor had "delivered to Defendant, or his attorneys" certain amounts, and further found, "[t]hat plaintiff is not indebted to Intervenor in any sum and there is no debt of the community owed to Intervenor."
The court, in turn, determined that the dwelling house owned by the parties was community property and ordered it set aside to the plaintiff to be sold, with the net proceeds to be used by plaintiff "for the education, support and maintenance" of the minor children of the parties, with defendant to be given credit for one-half of the net proceeds against support money of $200.00 per month which he was ordered to pay for support of the children. It was decreed that if the house were not sold, defendant would be credited with one-half of the value of the house against the support payments.
There is no question that the residence of the parties was paid for with money advanced by intervenor; $3,600.00 of this was "delivered" in 1951, and is represented by a note signed by plaintiff and defendant. The balance of the money was "delivered" in 1961.
Intervenor asserts that the finding by the court that neither the plaintiff nor the community were indebted to intervenor was not supported by substantial evidence. With this position we agree.
The court found the money had been advanced "to defendant." However, this was done during the marriage of the parties and the money was used to pay for the home of plaintiff and defendant, which the court determined was community property. There can be no question that it was, at least presumptively, a community debt. Strong v. Eakin, 11 N.M. 107, 66 P. 539; Brown v. Lockhart, 12 N.M. 10, 71 P. 1086; see Campbell v. Campbell, 62 N.M. 330, 310 P.2d 266; Tate v. Tate, 12 So.2d 506 (La. App. 1943); Foster v. Hackworth, 164 S.W.2d 796 (Tex.Civ.App. 1942). There was no evidence to the contrary, and accordingly no substantial evidence to support the court's finding that it was not a community debt.
We note that $3,600.00 was advanced in 1951, and it is suggested that collection was barred by the statute of limitations. However, in 1961, the indebtedness was acknowledged as outstanding and unpaid in an instrument in writing signed by plaintiff and defendant. The debt was accordingly revived. Joyce-Pruit Co. v. Meadows, 27 N.M. 529, 203 P. 537; Marine Trust Co. of Buffalo, New York v. Lord, 51 N.M. 323, 184 P.2d 114.
There only remains for us to consider the case of Greathouse v. Greathouse, 64 N.M. 21, 322 P.2d 1075, cited by plaintiff in support of the proposition that since intervenor has seen fit to come into the divorce case in an attempt at collection of the amounts owed her, she is bound by the decision granting the divorce. We do not understand anything said in Greathouse as binding a creditor to an adjudication depriving him of his rights without any basis in fact or law. Quite the contrary. Greathouse was a case wherein a creditor had obtained judgment on a promissory note against the husband in one court and sought to execute on certain stock held in custodia legis by another court having jurisdiction of the divorce proceeding. In this circumstance the court held the writ of execution was not effective to reach the property in issue. However, we find the following stated by the court:
"This opinion is not to be construed as holding that a judgment creditor may not look to the community property for satisfaction of his judgment. The opposite is true; either party to a divorce action may bring in third parties who claim an interest in the property alleged to be community, or third parties themselves may intervene and *145 have their rights therein determined. Elms v. Elms, 4 Cal.2d 681, 52 P.2d 223, 102 A.L.R. 811; Holm v. Pratt, supra [52 Utah 593, 176 P. 266]; Benson v. District Court, supra [57 Idaho 85, 62 P.2d 108]. See also 17 [17A] Am.Jur., Divorce and Separation, page 118, where rights and remedies of third parties are discussed. But appellant did not pursue this remedy, he sought to subject the stock to Division 3 for disposition.
"There is sound reason for the rule. Not only is the state greatly concerned with marriage and divorce, it has as well a definite interest in the orderly determination of property rights of the parties involved. To that end statutes have been enacted. Sections 22-7-3 and 22-7-6, 1953 Comp., New Mexico Statutes. Otherwise, what might appear to be an equitable division of the community property, could be thwarted by one of the parties acting in conjunction with third parties."
The procedure followed by intervenor here was that recognized and approved in the above quotation from Greathouse. There is not one word in that case intimating or suggesting that when a creditor intervenes in a divorce proceeding to assert an interest in property, the court in the interest of protecting the children may negative or disregard legal obligations, or relieve property from a valid claim presented against it.
It is apparent that the court erred in making its finding that the amounts advanced did not constitute a community debt. Also, it was error for the court to deny to intervenor any right which she might have to look to the community property in satisfaction of the judgment to which she was entitled on account of the community debt sued on herein. Holm v. Pratt, 52 Utah 593, 176 P. 266.
We have considered plaintiff's cross appeal but find no merit therein.
The judgment appealed from is reversed and the cause remanded to the district court with instructions to proceed in a manner consistent herewith. It is so ordered.
CARMODY, C.J., and COMPTON, J., concur.