[L. A. No. 2735.   Department One.—November 29, 1911.]

CONSOLIDATED LUMBER COMPANY (a Corporation), Respondent, v. FIDELITY AND DEPOSIT COMPANY. OF MARYLAND (a Corporation), Appellant.

NOTARY PUBLIC—FAILURE TO PROTEST NOTE—LIABILITY OF SURETY ON OFFICIAL BOND—WAIVER OF PRESENTATION—DECLARING NOTE DUE BEFORE MATURITY—VERDICT.—In an action against the surety on the official bond of a notary public to recover damages occasioned to the holder of a promissory note by reason of the failure of the notary to properly protest the note so as to charge an indorser, such failure consisting in the omission to present the note to the maker for payment, a general verdict in favor of the plaintiff implies the lack of proof of the defense either that the indorser had waived the presentation for payment, or that the holder, in pursuance of an option contained in the note, had declared it due and payable long before its delivery to the notary, and had then released the indorser by reason of its failure to protest the note or demand payment of the maker.

ID.—FINDINGS — SPECIAL INTERROGATORIES — EVIDENCE — APPEAL.—The findings of the jury in answer to special interrogatories, in which they found against the truth of either of such defenses, cannot be disturbed on appeal, when the evidence in respect thereto is conflicting.

ID.—EVIDENCE OF ENDORSER—CROSS-EXAMINATION—WAIVER OF PRESENTMENT.—In such action, where the defendant, in its direct examination of the endorser, interrogated him as to a conversation had with the agent of the plaintiff, in the endeavor to show a waiver of the presentation, to which the witness answered that he had had such conversation but was unable to give its substance, it was proper for the plaintiff, on cross-examination to ask him whether he at any time had agreed with any one to waive the presentment of the note to the maker for payment.

ID.—EVIDENCE—DECLARING NOTE DUE PRIOR TO MATURITY.—Upon a review of the evidence, it is held sufficient to sustain the finding that the holder of the note had never, in exercise of the option contained therein, declared it due in advance of the date expressed therein for its maturity.

Id.—Accommodation Indorser—Want of Consideration from Payee.— An accommodation indorser of a note prior to its execution is, in effect, a surety, and is not relieved from liability on his indorsement, notwithstanding he, personally, received no consideration for his indorsement from the payee.

Id.—Evidence—Deposition Taken under Stipulation—Use in Subsequent Action.—The deposition of a witness in a prior action duly taken and returned in conformity with the requirements of the Code of Civil Procedure, under a stipulation of the parties authorizing its taking without the giving of notice and making the affidavit required by sections 2031 and 2021 of that code, may be read in evidence, under section 2022 of that code, in a second action for the same cause between the same parties. The insertion in such stipulation of the statement that "it may be used on the trial of said action," did not limit the use of the deposition to the prior action.

Id.—Subsequent Action for Same Cause—Leaving out Party Defendant on Joint and Several Obligation.—The fact that the witness whose deposition was so taken was made a party defendant to the prior action, but was omitted in the second action, is immaterial, when the other parties and the cause of action sued on were the same, the obligation being joint and several.

APPEALS from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

Gray, Barker, Bowen, Allen, Van Dyke & Jutten, for Appellant.

W. W. Middlecoff, for Respondent.

SHAW, J.—Appeals are presented from the judgment and from an order denying a new trial.

Plaintiff sued to recover damages arising from a breach of duty by one C. T. Gifford, notary public, the defendant being the surety upon his official bond. Plaintiff held a note for five thousand dollars executed by L. E. Kiefhaber, and endorsed by C. F. L. Kinnear and G. H. Séaton. It was dated September 20, 1906, and was due on April 1, 1907, with interest at six per cent per annum, payable monthly. It provided that if the interest was not paid as it became due the whole amount of principal and interest should thereafter be due and payable at the option of the holder, such option to be ex-

ercised within ninety days after such default. Kiefhaber resided in Redlands. A short time before April 1, 1907, plaintiff sent the note to the First National Bank of Redlands for collection. It was not paid on April 1 and thereupon the Redlands Bank delivered it to Gifford, as notary, to be protested. Gifford appended thereto his official certificate in due form showing a regular protest thereof by him and the sending of proper notices to the indorsers. In fact, however, he did not present the note to Kiefhaber for payment, and by that omission the indorsers were released. Kiefhaber and Kinnear were insolvent and Seaton was the only party financially responsible upon the note. The plaintiff sued him on the indorsement and was defeated in the suit and lost the debt because of the non-presentation to Kiefhaber. This action is based on said failure of Gifford, as notary, to properly protest said note.

In defense the defendant claimed: 1. That Seaton had waived the presentment to Kiefhaber for payment; and 2. That the plaintiff had exercised its option as provided in the note, and had declared it due and payable long before April 1st. Upon the first  ground it claimed that no protest was necessary, and hence that Seaton was bound, notwithstanding his successful defense to the suit on the indorsement. Upon the second ground it claimed that the plaintiff itself had suffered the note to become due without protest, or demand upon Kiefhaber for payment, and thereby released Seaton. The general verdict of the jury in favor of the plaintiff implies that neither of these defenses were proved. In answer to special interrogatories the jury found that neither of them was true. It is claimed that these findings are contrary to the evidence.

We think this claim cannot be sustained. The testimony relied upon to prove the waiver of presentment consisted of the complaint filed by the plaintiff in the suit against Seaton, and the testimony of Wheatley, the plaintiff's general manager, and of Seaton. The said complaint stated that sometime prior to March 27th Seaton had requested plaintiff not to protest the note or to resort to any legal action or to incur any expense, and had positively promised to pay it at maturity, but it further stated that on March 27th he had informed plaintiff that he had decided not to pay the note at maturity. In his answer in that action he denied all the allegations of the complaint. The judgment-roll was introduced in evidence and the judg-

ment was in his favor. The testimony of Wheatley consisted of extracts from the transcript of his testimony in the trial of the suit against Seaton. He testified at that time, in substance, that prior to April 1st Seaton had asked and he had promised to give further time on the note; that Seaton said he would pay it, but could not do so at maturity and that it would not be necessary to go to any expense, that Wheatley told Seaton that he would have to protest the note on account of the other indorser, but that it was not necessary so far as Seaton was concerned. Seaton's deposition was taken and introduced in evidence. One of the questions and answers was as follows: "Did you at any time ever agree with any one to waive the presentment of this note to Mr. Kiefhaber, on the day it became due, for payment? Answer. No sir." It is apparent that this evidence does not conclusively show the waiver of presentment by Seaton. There is no express declaration of such waiver and it is a fair inference that the parties did not understand that they were waiving such formality. The testimony of Seaton directly contradicts it. This raised a conflict in the evidence which it was for the jury to resolve. The finding upon either side of the question would be beyond the power of this court to set aside. The court properly left the matter for the jury to determine.

Defendant insists that the aforesaid question and the answer of Seaton were improperly admitted. The objection made to it was that it was not cross-examination and that it called for the conclusion of the witness. Whether it called for a conclusion or not, we think it was within the discretion of the court to allow it in the form in which it was put. In the previous part of the deposition defendant's counsel had asked Seaton about his conversations with Wheatley concerning the note before it became due, to which he answered that he had such conversations but was unable at that time to give the substance of them. Plaintiff knew of the testimony of Wheatley in regard to these conversations given in the former action against Seaton, and from the pleadings in this action it had good reason to suppose that Wheatley's testimony in the former action would be offered in evidence by the defendant. The aforesaid question to Seaton related to the same subject, and in view of these facts we think it was germane to the examination in chief and proper cross-examination.

With regard to the exercise of the option to declare the note due before its expressed maturity, the testimony of Wheatley upon the trial of the suit against Seaton was introduced. He there stated that he had many times notified Seaton, both orally and by letter, that he had elected to declare the note due for non-payment of interest, but he said further that on March 26, 1907, which was the last interview he had prior to its expressed maturity, he asked Seaton if he was going to pay the note when it became due on the first of April, and Seaton said he could not pay it and thereupon asked for an extension. On re-direct examination he said he did not understand from the questions put to him that he was asked whether the note itself was made due before the first of April. We have not given the testimony in full, but taking it as a whole, in connection with that of Seaton on the same subject, it tends to show that neither himself nor Seaton understood that the note had been declared due in advance of its expressed maturity on April 1st. It was a fair inference that any declarations previously made to that effect had been withdrawn, or that they were not understood to intend to declare the immediate maturity of the note.

The court properly refused to instruct the jury that if there was no consideration for the endorsement of the note by Seaton and the plaintiff knew that fact at the time it accepted the note, the verdict should be for the defendant. There was no evidence to justify such a finding. Kiefhaber was the principal debtor and Seaton was an accommodation indorser. His indorsement was made prior to the execution of the note. The consideration to Kiefhaber was a credit of five thousand dollars upon a prior obligation due from him to the plaintiff. Seaton was, in effect, a surety. There was no dispute about these facts, and Seaton fully understood them. His testimony that he, personally, received no consideration from the plaintiff for his indorsement, was, under these circumstances, immaterial.

It is further claimed that the court erred in admitting in evidence the deposition of C. T. Gifford, taken in a former action by the plaintiff against the defendant and C. T. Gifford upon the same bond and for the same breach. That action had been dismissed. The complaint in that action and in this were identical, except that Gifford is not a party to this action. The deposition of Gifford was taken in the former action under

a stipulation providing "that the deposition of C. T. Gifford, one of the defendants, as a witness in behalf of the plaintiff, may be taken before Charles L. Allison, . . . and when so taken, the said deposition may be used on the· trial of said action." It is conceded that Gifford's absence at the trial of the present action was duly accounted for, and that, except as to the formality of giving the notice ·and making the affidavit required by sections 2031 and 2021 of the Code of Civil Procedure, the deposition. was in, all respects taken and returned as provided in chapter III, title III, article IV of that code, sections 1981 to 2054, inclusive. The claim is that the stipulation aforesaid limited the use of the deposition to the trial of the action in which it was taken. Section 2022 of the Code of Civil Procedure, provides that "A deposition taken and returned, as provided in this chapter, may . . . be read in evidence by either party . . . in any other action or proceeding between the same parties or their privies or successors in interest upon the same subject." Nothing is here said about the· preliminary notice and affidavit. It is sufficient, so far as this section goes, if. the deposition was "taken and returned" in the manner provided: The notice and affidavit were .waived by the giving of the stipulation. In` such cases the deposition is admissible in a second action for the same cause between the same parties, just as it would have been if the affidavit had been made and due notice had been given of the time and place of the taking. The taking of a deposition consists of the examination of the witness, reducing it to writing, and the signing of the same by the witness. Doubtless a party might, by such stipulation, limit the use of the proposed deposition to the trial of the action in which it was taken, or in any other manner he sees fit. But he does not so limit it by inserting in the stipulation the statement that it "may be used on the trial of said action." The fact that Gifford was not a party to this action is not material, the cause of action being the same, the obligation being joint and several, and the other parties being the same. (Code Civ. Proc., sec. 1910; *Briggs* v. *Briggs,* 80. Cal. 253, [22 Pac. 334].)

These are the only questions presented upon the appeal. The judgment and order are affirmed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.