(No. 2556.   Dec. 23, 1921.)

# JOYCE-PRUIT CO. V. MEADOWS ET AL.

## SYLLABUS BY THE COURT.

(1)   A debt barred by the statute of limitations is revived by an admission that it is unpaid made in writing and signed by the party to be charged.                                    P. 531

(2)   It is not necessary that such an admission amount to a new promise to pay, express or implied.                    P. 531

(3)   It is not necessary that the admission be made to the creditor.                                                 P. 533

(4)   The fact that the admission is made in a deposition in answer to cross-interrogatories does not alter its effect.
                                                            P. 534

Appeal from District Court, Chaves County; Brice, Judge.

Action by the Joyce-Pruit Company against J. H. Meadows and others.   Judgment for defendants on demurrer, and plaintiff appeals.   Reversed and remanded, with instructions.

H. M. Dow, of Roswell, for appellant.

O. E. Little and Ed. S. Gibbany, both of Roswell, for appellees.

## OPINION OF THE COURT.

DAVIS, J.   On January 3, 1911, J. H. Meadows and Cordelia Meadows, appellees, gave to Joyce-Pruit Company, appellant, their promissory note for $1,881.56, payable June 1, 1911.   Some payments were made upon it, but at the expiration of the six-year period of limitation a considerable amount was still unpaid.   In 1920 an action was commenced by appellant upon the note against appellees, who then resided in Arizona.   Their depositions were taken in Arizona by stipulation of the parties.   A cross-

interrogatory was directed to J. H. Meadows relative to the note sued upon as follows:

"Q. When you went from New Mexico to Arizona did you know that the debt evidenced by the note which the appellant sued upon in this case was unpaid? A. Yes."

Cross-interrogatories were also directed to Cordelia Meadows, which she answered as follows:

"Q. When you went to Arizona, did you know that the note or debt sued upon was unpaid? A. Yes.

"Q. Did you know that you and your husband signed the note sued upon and described in plaintiff's complaint? A. Yes.

"Q. Is the debt which is evidenced by the note payable to Joyce-Pruit Company, and which you and your husband signed, and which is sued upon in this case unpaid? A. Yes.

"Q. How long have you known that this debt is unpaid? A. Since January, 1911.

"Q. Why are you not willing to pay this debt? A. Not able.

"Q. Do you know and acknowledge that the debt evidenced by the note that the plaintiff in this case sued upon is unpaid? A. Yes."

The deposition of each of these parties was in writing, duly signed, and acknowledged. Upon the incoming of these depositions the action then pending was dismissed without prejudice, and this action was commenced on April 12, 1920. The complaint stated the facts already recited, claimed the depositions to be admissions in writing sufficient to avoid the bar of the statute of limitations, and attached copies of them as exhibits. Appellees demurred on the ground that the complaint showed on its face that the action was barred, and that the answers in the depositions were not admissions sufficient to toll the statute or revive the cause of action. The demurrer was sustained, and appeal taken. The only questions presented are as to the effect of the depositions as obviating the bar of the statute, for it

is undisputed that the six-year limitation period had expired, and no new promise or admission is pleaded except the one referred to.

[1] The statute in question is section 3356, Code 1915, as follows:

"Causes of action founded upon contract shall be revived by an admission that the debt is unpaid, as well as by a new promise to pay the same; but such admission or new promise must be in writing, signed by the party to be charged therewith."

Appellees argue that the admissions relied upon are not ones "upon which the law can base an implied promise" and do not "acknowledge a present existing debt or liability." The statute does not in terms require that these elements be present in the admission, and it is not for a court to write into a statute provisions which the Legislature has omitted. In Buss v. Kemp Lumber Co., 23 N. M. 567, 170 Pac. 54, L. R. A. 1918C, 1015, this court quoted with approval the following statements:

" 'As a gneral rule the courts are without power to read into these statutes exceptions which have not been embodied therein, however reasonable they may seem. It is not for judicial tribunals to extend the law to all cases coming within the reason of it, so long as they are not within the letter.'
\*   \*   \*

" 'Wherever the situation of the party was such as, in the opinion of the Legislature, to furnish a motive for excepting him from the operation of the law, the Legislature has made the exception, and it would be going far for this court to add to those exceptions.' The rule is established beyond controversy."

[2] Under this rule the contentions of appellant might be disposed of in very few words. The statute does not require that the admission be one upon which the law implies a promise nor that it acknowledge a present existing liability. All that it requires is an admission that the debt is unpaid and if that is made the statute is satisfied. The implication that the law, apart from the statute, might attach to the admission becomes of no consequence,

for the statute itself declares its effect. We are spared the necessity of an investigation of the source of this statute or of its meaning and construction, or a comparison with similar statutes of other states, and the course of judicial interpretation in those states for all such matters are fully discussed in the opinion in Cleland v. Hostetter, 13 N. M. 48, 79 Pac. 804. We follow the construction laid down in that case. There it is said:

"Whatever may be the diversity of opinions, however, among the states which have adhered to the common-law language defining what shall be sufficient to toll the statute, we are of opinion that the statute of this territory does not stand on the footing of the older jurisdictions and that the rules there applicable are not binding here. Unlike the Statute of James, our statute in terms provides that either a new promise or an acknowledgment may revive the action; and, not content with leaving to uncertainty or to diversity of authority the scope of the acknowledgment necessary to toll the statute, it in terms provides that 'an admission that the debt is unpaid' shall have that effect. This very explicit statutory declaration limits the field of authority applicable and renders it unnecessary to discriminate between the two lines interpreting the common law. * * *

" 'By statute in several jurisdictions it is not necessary that the acknowledgment shall imply a promise to pay; an admission of the debt as an existing liability is sufficient even though it is accompanied by words which repel any implication of such a promise.' "

Again, upon the question of implied promise, the court says:

"So in the concurring opinion of Mr. Justice Brewer, then a member of the Supreme Court of Kansas, that learned jurist emphatically disposes of the suggestion that an acknowledgment must under the Kansas statute evince a willingness to pay. He quotes this form of acknowledgment: 'I owe that debt, I admit it is an existing and just claim upon me; but I never will pay it." 'Here,' says the learned justice, 'there is the express and clear acknowledgment of an existing debt, but there is not only nothing indicating a willingness to pay but on the contrary an express refusal to pay. Is such an acknowledgment within the statute? Unhesitatingly I answer Yes.' "

This case is decisive for this jurisdiction of at least two points: First, that the cause of action is

revived by the admission alone; and, second, that the admission need not in terms imply a promise or willingness to pay.

If it were necessary to hold that the admission must confess an existing debt or liability, and disregarding the fact that the statute does not in terms so provide, does not the fact that the debt is unpaid show that it is existing? The statute does not cancel the debt, but merely bars the remedy. The obligation itself continues. Appellees argue that this was not an existing debt because they intended to defeat it by their plea of the statute. But, assuming that such intention is shown by the record, the argument is faulty. A definite admission that the debt is unpaid revives the cause of action irrespective of the intention of the debtor as to payment. To say that the admission is ineffective to toll the statute because the statute has already run and the debtor intends to avail himself of it is to reason in a circle. If he has such intention, he should not prevent its accomplishment by bringing himself within the plain terms of a contrary law. It is futile to say that the debtor, while admitting the debt to be unpaid, intends nevertheless to avail himself of the statute, for the statute itself says he may not do so.

[3] Appellee also contends that the admission was ineffective because not made to the creditor. Here again an attempt is made to impose upon the admission a condition not provided in the statute. Cases which hold that such an element is necessary are those in which the theory is adopted that the admission must constitute a new contract, express or implied, and under such a contract there is reason for the rule that there must be two contracting parties, the debtor and the creditor. But our statute does not proceed upon that theory. The reason for the rule and its lack of application to a statute such

as ours is pointed out in Doran v. Doran, 145 Iowa, 122, 123 N. W. 996, 25 L. R. A. (N. S.) 805. It has been held that our statute was copied from that of Iowa, so the decision is directly in point. This was a suit to foreclose a mortgage given to secure a note barred on its face, and the admission which was relied upon to revive the note was a recital in a deed made by the debtor to a third party that the deed was "subject to a mortgage executed by the grantor * * * upon which is unpaid $500 and accrued interest." There was neither a promise to pay nor an admission to the creditor, but it was held sufficient to avoid the bar of the statute.

[4] The only remaining contention of appellees goes to the form of the admission. They say that the admission was made in answer to interrogatories propounded to them as witnesses, and that therefore their statements were involuntary and cannot be used against them.

Appellees were witnesses in their own behalf; the depositions were taken on their own motion; they were in no sense compelled to testify or to sign the depositions which contained the admission. The statements were voluntary in fact, and we know of no rule that makes them involuntary in law. That the statements as to the nonpayment of the note were made in a judicial proceeding, under the sanctity of an oath, would seem to lend strength to the admission instead of a reason for avoiding its effect. The statute does not except such admission from its terms, and we cannot do so.

In O'Donell v. Parker, 48 Utah, 578, 160 Pac. 1192, it was held that including a barred obligation in the schedule of liabilities of a bankrupt would not revive it. The contrary is held in Hyde Park Flint Bottle Co. v. Miller, 179 App. Div. 73, 166 N. Y. Supp. 110, and Crosst v. Hall, 170 N. Y. Supp. 64.

Other admissions in judicial proceedings have been held sufficient in a number of cases.

In Blakenley v. Wyland, 115 Iowa, 607, 89 N. W. 16, an account filed by a guardian acknowledging the receipt of money was held to interrupt the running of the statute. In Roberts v. Leak, 108 Ga. 806, 33 S. E. 995, a recognition of liability in a pleading was held to toll the statute.. In Dinguid v. Scholfield, 73 Va. 803, it was held that a deposition signed by the maker of a note, admitting that it was in part unpaid, would defeat a plea of the statute. While these decisions are not directly in point here, they are somewhat analogous, since in all of them the admission was contained in some instrument, the filing of which was required in a judicial proceeding.

There is no authority for holding that this class of admissions is to be excepted from the statute.

For the foregoing reasons, the judgment of the district court is reversed, and the case remanded, with instructions to overrule the demurrer; and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.