[No. 2872.   Nov. 5, 1925.   Rehearing Denied April 3, 1926.]

JOYCE-PRUIT CO. v. MEADOWS (LITTLE, Intervener.)

[244 Pac. 889.]

SYLLABUS BY THE COURT.

1.   A third party may intervene in a garnishment pro-ceeding and set up rights, legal or equitable, in the funds sought to be recovered.

2.   Upon   the authority of Joyce-Pruit Co. v. Meadows, 27 N. M. 529, 203 P. 537, and Consolidated Lumber Co. v. Fidelity, etc., Co., 161 Cal. 397, 119 P. 506, and chapter 29, Laws 1919, it is held, that a debt barred by the statute of limitations is revived by an admission that it is unpaid made in writing and signed by the party to be charged, even though the ad-mission is made in a deposition taken for use in a particular case other than the case between the same parties on the same subject, in which the admission is used as evidence of the revival of the debt.

Appeal from District Court, Chavez County; Brice, Judge.

Action by the Joyce-Pruit Company against Cordelia Meadows, in which O. E. Little intervened, and in which O. H. Smith, as executor of will of J. A. Brown-ing, deceased, was named as garnishee. From judg-ment for plaintiff against the defendant and garnishee; and in favor of the intervenor against the garnishee,

─────────

[1] 28CJ p. 367 n .3; p. 371 n. 50 New. [2]37CJ p. 1116 n. 10 New.

Joyce-Pruit Co. v. Meadows, 31 N. M. 336

plaintiff appeals, and defendant cross-appeals. Affirmed.

H. M. Dow, of Roswell, for appellant.

O. E. Little and J. G. Roberts, both of Roswell, for appellee and cross-appellant.

OPINION OF THE COURT

BICKLEY, J. [1] The appellant (plaintiff) sued the cross-appellant (defendant) in the district court of Chavez county upon a promissory note evidencing a debt in the principal sum of $1,881.56. O. H. Smith, as executor of the will of J. A. Browning, deceased, was named as garnishee. The garnishee answered disclosing the fact that J. A. Browning was the deceased father of defendant and that his will contained the following provision:

"After the payment of my debts and funeral expenses, I give to my daughter, Cordelia E. Meadows, one thousand dollars in cash."

The defendant demurred to plaintiff's complaint and the demurrer as sustained, and this cause was appealed to the Supreme Court of New Mexico, which reversed the lower court. See Joyce-Pruit Co. v. Meadows et al., 27 N. M. 529, 203 P. 537. The result of that suit is stated in the opinion of the court. It appeared that defendant demurred on the ground that the complaint showed on its face that the action was barred by the statute of limitations, and that the answers in the depositions which had been given by the defendant were not admissions sufficient to toll the statute or revive the cause of action. The Supreme Court held that a debt barred by the statute of limitations is revived by an admission that it is unpaid, in writing, and signed by the party to be charged therewith, and that the fact that the admission is made in a deposition in answer to cross-interrogatories does not alter its effect.

The order of the Supreme Court was that the judgment of the district court be reversed and the cause remanded, with instructions to overrule the demurrer.

The trial court followed the instructions of the mandate, and the cause was reinstated on the docket. Thereafter O. E. Little, attorney for the defendant, filed his petition in intervention, upon which petition in intervention the court later gave him judgment against the garnishee for $500 of the funds garnished. After the cause was reinstated, the defendant (cross-appellant) filed an answer setting up, among other things, that the Joyce-Pruit Company was estopped from relying upon the deposition which was a part of its complaint as a removal of the bar of the statute of limitations. The issues were made up on the pleadings and stipulations of facts which were filed as to the controversy between the Joyce-Pruit Company and Cordelia Meadows and also as between Joyce-Pruit Company and the intervenor, O. E. Little. After considering the pleadings, stipulations of facts, and arguments of counsel, the court rendered a memorandum opinion whereby he authorized and afterwards entered judgment in favor of Joyce-Pruit Company against Cordelia Meadows upon the note sued upon less $500, for which Joyce-Pruit Company was given judgment against the garnishee, and also entered judgment in favor of the intervenor, O. E. Little, and against the garnishee for the sum of $500.

The controversy on appeal is, therefore, between Joyce-Pruit Company, appellant, and O. E. Little, intervenor, appellee, on the one hand, the appellant claiming that the district court erred in rendering judgment for the intervenor upon his petition in intervention. By the cross-appeal, the defendant below, Cordelia Meadows, claims that the district court erred in finding that the plaintiff was not estopped or precluded from setting up or pleading the acknowledgment or admission set up in its complaint, to wit, the cross-interrogatories in the deposition of defendant and answers to them as a revival of the debt here sued upon. The memorandum opinion of the district court, except as to immaterial matters omitted, is as follows:

"This suit has been to the Supreme Court on appeal from an order of the court sustaining a demurrer to the complaint and reversed by that court. Joyce-Pruit v. Meadows et al., 27 N. M. 529, 203 P. 537 A suit was originally brought on the same note and the defendants answered, pleading the statute of limitations. Joyce-Pruit Co. v. Meadows, No. 4728, this court. The result of that suit is stated in the opinion of the Supreme Court in the appealed case mentioned. Of course, the law, as laid down by the Supreme Court in this case is the law of the case and is binding upon this court.

"The defendants answer in this case by way of estoppel, contending, substantially, that the parties entered into a stipulation to take the depositions in question, agreeing that the answers to the interrogatories and cross-interrogatories might be read as evidence at the trial of said cause No. 4728, and nothing was provided in said stipulation for the use of said answers in any other way, and that by signing the same the parties represented to each other that the only use that could be made of them was as evidence in said original suit; that the representations so made on the part of plaintiff's attorney were not in good faith; and that there was an ulterior intention in making the stipulation, it being his intention at the time to plead, as a revival of the debt there sued upon, the statement of defendants that the debt had not been paid, made in answer to cross-interrogatories in said deposition. There are other allegations, unnecessary to recite.

"The facts are stipulated in this case, and are substantially to the effect that after the taking of the depositions in the first suit, cause No. 4728, the same was dismissed, and thereafter, on the same date, the plaintiff filed this suit, and pleaded as a bar the answers to the cross-interrogatories mentioned, made by the defendants; and that in the original case the defendants were relying on the statute of limitations as a defense; that the plaintiff did not intend to use the answers to the cross-interrogatories in said cause No. 4728 at the time he crossed the depositions, but did so for the purpose of securing from the defendants an admissoin that would revive the debt sued on; that at said time plaintiff's attorney intended, after securing such admission, to set up and rely upon it as a revival of the debt; that the defendant's attorney was not advised of and did not know the purpose for which the cross-interrogatories were propounded, nor did he know the intention on the part of plaintiff's attorney to use them as evidende of the revival of the debt; that the defendant's attorney signed the stipulation solely for the purpose of securing evidence to try said cause No. 4728; that said attorneys were of the opinion such cross-interrogatories were subject to objection and that such objection could be interposed at the trial if offered in evidence, and that had defendant's attorneys known the purpose for which the cross-interrogatories were propounded or the intention of the plaintiff to use the depositions for any other purpose than for evidence in the trial of cause No. 4728, the stipulation would not have been submitted by defendants' attorneys, and the defendants would have avoided answering the interrogatories; that at the time the

stipulation was signed, the plaintiff's attorney considered that the debt sued on was barred by limitation unless defendants' absence from the state had prevented the running of the statute, and the only chance plaintiff had to enforce the collection of said debt was to secure a revivial of the same through the cross-interrogatories; that defendant's attorneys at the time said depositiion was taken, relied upon the statement in the stipulation that they were to be used as evidence at the trial of cause 4728, and were wholly ignorant of the purpose of plaintiff's attorney to use them in any way; that the defendants answered the said interrogatories and cross-interrogatories for the sole purpose that they might be used as evidence at the trial of said cause 4728.

"Under this agreed statement of facts, the court concludes that the plaintiff, under the law laid down by the Supreme Court, should recover, subject to whatever rights the intervenor may have.   *   *   *

"The only question left is whether or not the plaintiff is estopped, by reason of the stipulation entered into for taking this testimony, from using it for the purpose of reviving the debt.   I do not think that there was any such agreement on the part of the parties that would preclude the use of this acknowledgement of the debt, as reviving it.    Almost the exact question was determined in the case of Consolidated Lumber Co. v. Fideliity, etc., Co., 161 Cal. 397, 119 P. 506. In that state it is provided by statute that depositions taken in one case can be used in another case between the same parties where the same issue is involved.   A stipulation was entered into between the parties for taking a deposition, almost in identical words with that in this case. It was contended that the deposition could not be used in another case because of this stipulation.   The court said:

" 'Doubtless, a party might, by such stipulation, limit the use of the proposed deposition to the trial of the action in which it was taken, or in any other manner he sees fit; but he does not so limit it by inserting in the stipulation the statement that it may be used on the trial of said action.'

"I cannot see any merit in the contention of defendants.

"As to the intervenor's rights, a more serious question is to be determined. The intervener had a contract as an attorney, with the defendants, by which he 'was to have for his services one-half of the said one thousand dollars legacy or any part thereof if in said cause the said legacy or any part thereof should be saved, redeemed, or left to her; the said contract of employment being made by this intervener saying to the defendant, Cordelia Mcadows, "I will look after your interest in this suit and if anything is saved or left for you, my charges will be one-half of it but if nothing is saved or left for you, you will owe me nothing," to which proposition the defendant Cordelia Meadows agreed.'

"Under this contract, if the intervenor saved the $1,000, or any part thereof, to the defendant, then he should recover

one-half of such amount. In that particular suit, being the first suit filed, the statute of limitations was pleaded and the depositions in question taken, and evidently counsel for plaintiff felt that inasuch as the revival of the debt occurred after the filing of the suit, it was necessary to dismiss the suit and bring a new garnishment action, and this was accordingly done. For several hours there was no garnishment against the funds in the hands of the executor, during which time the defendant had the right to collect it, or transfer it, or dispose of it in any manner she pleased, and it was subject to garnishment by any other creditors of the defendants if there were such. It is contended by plaintiff that this agreement required the intervener to collect the money before he would be entitled to his fee. On the other hand, intervener contends that he was not employed in any suit except the one; that he did not agree to relieve the defendant of any garnishment proceedings that might subsequently be filed against these funds; and that when the proceedings were dismissed and the money left free from the garnishment writ, he became entitled to half of it; and that when the second garnishment was run against the funds, it only became effective, if at all, as to the portion belonging to the defendants; and that the plaintiff could not enforce, as against this intervener, any greater right to the funds than the defendant—in other words, that the plaintiff took only such interest in the funds as the defendant had in them at the time the garnishment was served.

"To support his theory of the case, counsel cite Field v. Sammis, 12 N. M. 36, 73 P. 617. The only difference between that case and this is the fact that the funds in that case were turned over to the court by the executor. This case holds, with good authority, that the rights of the garnisher do not rise above or extend those of his debtor; that the garnishee shall not, by operation of the proceedings against him, be placed in any worse condition than he would have been in had the principal debtor's claim been enforced against him directly; that the liablity, legal and equitable, of the garnishee to the principal debtor, is the measure of his liability to the attaching creditor, who takes the shoes of the principal debtor, and can assert only the rights of the latter. This principle is laid down, by the Supreme Court of the United States in North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co., 152 U. S. 596, 14 S. Ct. 711, 38 L. Ed. 565.

"I have stated that the only difference between the present suit and that of Field v. Sammis is that in the latter suit, the executor had turned the money into court. This was not done, however, until after the garnishment was run and until after petition of intervention had been filed, so that in so far as I can see the cases are almost, if not quite, identical. In other words, at the time the garnishment was run, the garnishee had possession of the money. There is nothing to show in that case that the garnishee had any knowledge of McMillan's interest. McMillan contended in that case that he became entitled to his one-half of the money when the decree became final and before the garnishment of the executor, whose duty

it was to pay over the money. 'In other words, that from the date this judgment became final, he was the legal and equitable owner of one-half of the amount of that judgment before the garnishment proceedings were instituted and therefore, his rights attached to one-half of this money prior to the garnishment.' This contention of McMillan was upheld by the Supreme Court.

"It is contended by plaintiff that the title to the funds did not become effectvie so as to be superior to the garnishment because notice to the garnishee had not been given. This does not seem to be the rule.

" 'As between the assignor and his assignee and those who merely succeed to the rights of the assignor and stand in his shoes, the general rule is that notice of the assignment to the debtor or holder of the funds need not be given to protect the assignee.' 2 R. C. L. p. 623.

" 'An assignment usually takes precedence over a subsequent attachment served on the debtor at the suit of creditors of the assignor, although they were without notice of the assignment.' 2 R. C. L. p. 629.

"I conclude on this part of the case that under the stipulation of facts made by the parties to this suit, the intervener had performed his duty to his client when the garnishment was dismissed and the funds were subject to her order. At that time they were collectible and immediately upon the entrance of the judgment of dismissal the intervener was, entitled to one-half of such funds under his contract. I don't think there is any evidence that the garnishee knew of his claim at the time the garnishment was run.

"A judgment, therefore, may be drawn in favor of the plaintiff for one half of the funds, and for the intervener for the other half."

[2] Cross-appellant contends that the case of Consolidated Lumber Co. v. Fidelity, etc., Co., 161 Cal. 397, 119 P. 506, cited by the district court, is not applicable as an example and should not here have persuasive influence, because that case was decided under a California statute as follows:

"A deposition taken and returned, as provided in this chapter, may * * * be read in evidence by either party * * * in any other action or proceeding between the same parties or their privies or successors in interest upon the same subject." Code Civ. Proc. Cal. § 2022.

And that we have no such statute in this state, but, on the contrary, our statute on depositions provides that "Depositions may be read in evidence upon the trial of any suit or proceeding in which they are tak-

en (Code 1915 § 2143), and that by thus providing the use of which depositions may be put, our statute has excluded all other uses.

Cross-appellant overlooks the provisions of section 7, chapter 29, Laws of 1919, which provides:

"The testimony of any witness taken in any court in this state may be used in any subsequent trial or hearing of the same issue between the same parties in the following causes:

"(a) When the witness is dead or insane.

"(b) When the witness is a non-resident of this state.

"(c) When after diligent effort the whereabouts of the witnesses cannot be ascertained."

The party making the deposition being a nonresident, it will be seen that the analogy between the situation in the California case and the case at bar is rather close.

Seeing no error in the record and being satisfied with the opinion and decision of the trial court, the judgment is affirmed, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.

### On Motion for Rehearing.

BICKLEY, J. Cross-appellant has filed a motion for rehearing, claiming that the question of alleged estoppel involved in the cross-appeal has not been considered by this court. Cross-appellant is mistaken, having doubtless misunderstood the language of the opinion. However, we have re-examined the record and briefs in the light of the additional argument on the motion for rehearing.

Cross-appellant urges that, because plaintiff's counsel, at the time he signed the stipulation to take the deposition of defendant, entertained an intention of making use of possible answers to the cross-interrogatories for the purpose of a revival of the debt and sued upon, which purpose was foreign to the use of such deposition in evidence in cause No. 4728, and neglected to inform attorney for defendant of such purpose, the

plaintiff is therefore estopped to claim a revival of such debt by virtue of the acknowledgment in writing that the dept was unpaid. We think the argument faulty. We see no reason to depart from the views heretofore expressed.

It follows that the motion for rehearing should be denied; and it is so ordered.

PARKER, C. J., and WATSON, J., concur.