742 P.2d 502

**CITIZENS BANK OF CLOVIS, a corporation, Plaintiff-Appellant,**

v.

**Paul TEEL and Houston Lumber Company, a corporation, Defendants-Appellees.**

**No. 17013.**

Supreme Court of New Mexico.

Sept. 10, 1987.

Lynell G. Skarda, Clovis, for plaintiff-appellant.

David G. Grow, Clovis, for defendants-appellees.

## OPINION

RANSOM, Justice.

On November 6, 1986, Citizens Bank of Clovis (Citizens Bank) sued Teel on a note dated September 17, 1979, payable after 60 days in the principle amount of $53,228.44. At issue is whether suit was barred by the six-year statute of limitations, NMSA 1978, Section 37–1–3. The statute would have run on November 16, 1985, unless revived by an admission of the unpaid debt contained in a judgment approved by Teel's attorney in a prior quiet title action. *See* NMSA 1978, § 37–1–16, set out below in pertinent part. The trial court granted Teel's motion to dismiss for failure to state a claim upon which relief could be granted.

Because the court considered matters in the prior action, we treat the disposition as a summary judgment as provided for in SCRA 1986, 1–012(C). We reverse.

In the prior quiet title action brought by a third party against Citizens Bank and Teel it was adjudged that, although Teel had previously conveyed to the third party his interest in land subsequently mortgaged by Teel to Citizens Bank, the Bank's lien was prior to the interest of the third party whose deed to the land had not been recorded. In an affirmative defense to the prior action, Citizens Bank specifically described two successive obligations secured by a mortgage on the land from Teel to Citizens Bank and stated "[t]hat the [mortgage] note has been renewed and now is in the amount of $53,228.44, and is attached hereto. * * *" The original two mortgage notes of 1973 and 1975 were also attached, as were the mortgages by which they were secured.

A stipulated judgment in the prior action specifically provided "that Paul Teel remains personally and individually liable to The Citizens Bank of Clovis on the obligations secured by the mortgage from him to The Citizens Bank of Clovis * * *."

Section 37–1–16 provides in pertinent part that:

Causes of action founded upon contract shall be revived * * * by an admission that the debt is unpaid, as well as by a new promise to pay the same; but such admission or new promise must be in writing, signed by the party to be charged therewith.

 The parties agree that, while the acknowledgement must be unqualified, an admission that the debt is not paid need not be couched in precise and direct terms. It is sufficient if it shows with reasonable certainty that the debt is unpaid. *Reymond v. Newcomb*, 10 N.M. 151, 61 P. 205 (1900); *Joyce-Pruit Co. v. Meadows*, 27 N.M. 529, 203 P. 537 (1921); and *Romero v. Hopewell*, 28 N.M. 259, 210 P. 231 (1922). It is immaterial that no cross complaint existed between the codefendants in the prior action. An acknowledgement is effective notwithstanding it is made to one

other than the creditor, and it can be made in judicial proceedings by the debtor's attorney. *Joyce-Pruit Co. v. Meadows*, 27 N.M. at 533–34, 203 P. at 538; *Smith v. Walcott*, 85 N.M. 351, 512 P.2d 679 (1973).

Teel concedes in his answer brief that his attorney in the prior action approved the stipulated judgment and that Teel is bound by the authorized acts of his attorney. However, it is Teel's position that the admission, if any, cannot be extended to a note not specifically identified in the admission, and that there was no admission that the $53,228.44 note, dated September 17, 1979, was a renewal of a note identified in the "obligations secured by the mortgage" from Teel to Citizens Bank.

It may be inferred from the record of the prior action that there was only one debt owed to Citizens Bank by Teel, and that it was this $53,228.44 debt that was admitted. This was *prima facie* sufficient to take the case out of the bar of the statute. If there were other obligations and the obligations referenced in the stipulated judgment were not, as a matter of reasonable certainty, the indebtedness which in 1979 amounted to $53,228.44, a trial on the merits would be expected to show that to be so. Here, however, we are governed by the rule that, even where the basic facts are undisputed, if a logical inference in support of respondent can be drawn from those facts, summary judgment should be denied. *Fischer v. Mascarenas*, 93 N.M. 199, 598 P.2d 1159 (1979).

It has long been recognized that, when the words of acknowledgment or promise do not expressly refer to the debt sought to be recovered, whether they are to be deemed as referring to such debt is usually a question of fact. *Morrell v. Ferrier*, 7 Colo. 22, 1 P. 94, 95 (1883). If, on motion for summary judgment, Teel were to preclude the court from considering the reasonable inference that the admission was in reference to the $53,228.44 debt described in the pleadings, it was his burden as movant to show conclusively that in fact the admission had reference to some other debt.

It has been urged upon us that we also adopt the general rule stated in *Morrell* that in a trial on the merits "where there is an acknowledgment of indebtedness it will be taken to relate to the demand in suit, and the burden is upon the defendant to show that it related to another debt, either wholly or in part." *Id.* at 96. However, we believe that it is not the burden of persuasion, but rather the burden of going forward with the evidence, that shifts under such circumstances.

We have recently reiterated that a statute which tolls the statute of limitations should be liberally construed to reach the merits if possible. *Roscoe v. U.S. Life Title Ins. Co. of Dallas*, 105 N.M. 589, 734 P.2d 1272 (1987).

The summary judgment appealed from is reversed, and the case is remanded for trial on the merits in accordance with this decision.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and SOSA, Senior J., concur.