## Coley M. Berg et al. v. James Ingalls et al.

### No. 2999.

1. **Sale of Community Property Pending Divorce Suit.**— Article 2867, Revised Statutes, provides: "On and after the day on which the action for divorce shall be brought it shall not be lawful for the husband to contract any debts on account of the community, nor to dispose of the lands belonging to the same; and any alienation made after that time shall be null and void if it be proved to the satisfaction of the court that such alienation was made with a fraudulent view of injuring the rights of the wife." This is applicable in a case in which divorce proceedings were pending in which the right to the property owned by the husband and wife was not put in issue. It was not intended thereby to take such property out of the general rule which makes the right of a purchaser *pendente lite* to depend on the result of litigation in which the right to the property sold was in controversy.

2. **Same.**—A deed by the husband for community property executed while divorce proceedings were pending, and for land adjudged to the wife in the final decree, is void as against the wife.

3. **Divorce—Partition of Community.**—See facts supporting a decree charging the husband with money taken by him on his abandonment, and the allotment of property left to his wife.

APPEAL from Jefferson.    Tried below before Hon. A. C. Bullitt, Special District Judge.

The opinion states the case.

*Hal. W. Greer*, for appellants. — The general power which by law the husband possesses to manage and control the community estate includes the power to sell and convey or make a deed of gift to his children, and the interest of the wife is subject to be so conveyed by the husband, notwithstanding pendency of divorce proceedings, in any other manner than that prohibited by statute, namely, "with the fraudulent view of injuring the rights of the wife," and the burden of establishing such fraudulent intent rests upon the party asserting it.    Rev. Stats., arts. 2867, 2852; Moore v. Moore, 73 Texas, 382; Hagerty v. Harwell, 16 Texas, 665; Harris v. Hardeman, 15 Texas, 467.

*O'Brien & O'Brien*, for appellees.— The said deed having been made pending a suit involving the right of Sarah Berg to the lots in controversy, was subject to the litigation and the adjudication therein of the lots to her as well as Jacob Berg.    Rev. Stats., arts. 1340a, 4811; Briscoe v. Bronaugh, 1 Texas, 326; Tuttle v. Turner, 28 Texas, 773; McFarland v. Hall, 17 Texas, 692.

STAYTON, Chief Justice.—On January 7, 1875, Sarah Berg brought an action against her husband for divorce, on the grounds of abandonment and adultery, and in her petition she alleged that he had taken with him a sum of money in excess of the value of all other community property.

The petition alleged that the money thus appropriated was community property, and described the residue of that kind of property, and among that were the town lots in controversy.

She prayed for an injunction to restrain him from selling or disposing of the remaining property pending the action, and that the court on final hearing make such disposition of it as might be equitable.

Injunction was allowed but seems never to have been perfected.

On July 3, 1876, she amended her petition, alleging that her husband had appropriated since the institution of the suit a further sum which she had earned after he abandoned her, and prayed that the property described in her original petition should be vested in her on final trial.

A divorce was subsequently granted, and the decree set apart to Mrs. Berg the lots in controversy and some other property on a verdict which found the value of community property converted by the husband, as well as the value of all the other property of that kind.

On May 24, 1876, Jacob Berg, the husband, conveyed to the plaintiffs, who are his children, the lots in controversy, which are among the property decreed to Mrs. Berg. That deed purported to convey to his children "all my right, title, interest, and claim in and to said lots," and was without valuable consideration.

The same deed conveyed to Mrs. Berg some of the property described in her petition, and it seems that under the husband's direction the wife delivered it to the clerk for record.

Mrs. Berg subsequently married again, and she and her second husband conveyed the lots in controversy to the defendants or to persons through whom they claim.

This action is by the children of Jacob Berg, claiming under the deed made to them by their father; and it is conceded that the judgment in favor of defendants should be affirmed if the deed did not pass superior title.

On the trial of this cause the court found the facts to have been such as entitled Mrs. Berg to the judgment rendered in the action for divorce, and further found that the conveyance by Berg to his children was made with intent to injure his wife.

It is now urged that the evidence was not sufficient to sustain the finding last named; but in view of the facts it would be difficult to arrive at any other conclusion than that reached by the judge who tried this case. If, however, this were not true the same result would be reached on another ground.

The conveyance made by Berg was made pending litigation in reference to the property in controversy, and plaintiffs were purchasers *lis pendens* and therefore are bound by the decree rendered in the divorce suit.

The statute declares that " on and after the day on which the action for divorce shall be brought it shall not be lawful for the husband to con-

tract any debts on account of the community, nor to dispose of the lands belonging to the same; and any alienation made by him after that time shall be null and void if it be proved to the satisfaction of the court that such alienation was made with a fraudulent view of injuring the rights of the wife." Rev. Stats., art. 2867.

The succeeding article provides for an inventory and appraisement of real and personal property, and also for injunction for the preservation of the rights of a wife pending divorce proceedings.

The statute quoted would be applicable in a case in which proceeding for divorce was pending but in which the right to the property owned by husband and wife was not put in issue; but it was not intended thereby to take such property out of the general rule, which makes the right of a purchaser *lis pendens* to depend on the result of litigation in which the right to the property sold was in controversy.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered February 3, 1891.