**FANNIN BANK et al., Appellants,**

v.

**Delma Faye BLYSTONE, Appellee.**

No. 4604.

Court of Civil Appeals of Texas.

Waco.

July 6, 1967.

Rehearing Denied July 27, 1967.

Reynolds, White, Allen & Cook, Grant Cook, Houston, for appellants.

Rachel Johnston, Pasadena, Henry N. Love, Baytown, for appellee.

OPINION

WILSON, Justice.

A husband executed a deed of trust on unimproved non-homestead community re-

alty during pendency of a divorce action, after he had entered appearance and had been enjoined from encumbering or disposing of the property.

While the divorce was pending appellant, mortgagee in the deed of trust, foreclosed under the power of sale and the other appellant corporation became the purchaser at the sale. The husband soon filed this suit against appellants, mortgagee and purchaser, to set aside the foreclosure proceedings. His wife intervened seeking judgment for title and possession, alleging the deed of trust was executed in fraud of her rights. Final divorce decree was afterwards rendered, and the subject land was thereby awarded to the wife.

Judgment in the present non-jury action was that the husband take nothing, and the wife recover title and possession subject to an outstanding first lien and a judgment lien.

The parties brief this case on the question of whether the mortgagee bank and the purchaser at the trustee's sale were bona fide purchasers. Appellants' thesis is that there is no evidence of their notice of the divorce proceedings or of facts placing them on inquiry; that no lis pendens notice was filed in connection with the divorce case. Appellee points to circumstances relied upon to the contrary.

Neither party briefs the effect of Art. 4634, Vernon's Ann.Civ.Stat. as a lis pendens notice. That article provides in effect that after suit is brought for divorce it shall not be lawful for the husband to dispose of lands belonging to the community, "and any alienation made by him after that time shall be null and void, if it be proved to the satisfaction of the court that such alienation was made with a fraudulent view of injuring the rights of the wife."

The trial court found that the deed of trust was executed in fraud of the wife's rights. The finding is not challenged. On oral argument appellants' counsel stated appellants did not take issue with the determination that the deed of trust was executed in fraud of the wife's rights.

■ It is not necessary under these circumstances that a statutory lis pendens notice be filed, as provided by Art. 6640 et seq., in order to impart notice. Appellants were purchasers pendente lite.

At common law the doctrine of lis pendens, derived from Roman law, was applicable as to realty in all types of judicial proceedings. Barton, History of a Suit in Equity (1847) 195; 34 Am.Jur., Lis Pendens, Sec. 5, p. 365; 54 C.J.S. Lis Pendens § 1, p. 571. Texas enforced the common law principle until 1905, when the statutory restrictions on its application, which made mere pendency of the ordinary suit no longer sufficient, were enacted.

■ By force of Art. 4634 the pendency of a divorce suit, however, makes the doctrine of lis pendens applicable as therein provided to encumbrances and conveyances of community realty by the husband while the action is pending. Moore v. Moore (1889) 73 Tex. 382, 11 S.W. 396, 399; Berg v. Ingalls (1891) 79 Tex. 522, 15 S.W. 579; Hines v. Sparks (1912) Tex. Civ.App., 146 S.W. 289, writ dism.; Meador Bros. v. Hines, Tex.Civ.App. (1914), 165 S.W. 915, 921, writ ref.; 37 Tex.Jur.2d, Lis Pendens, Sec. 6, p. 413. See Sparks v. Taylor (1906), 99 Tex. 411, 90 S.W. 487. Appellants were charged with notice of the pending divorce action. The deed of trust was void.

Since title to the property was awarded to the wife by the final divorce decree, judgment was properly rendered here that the husband take nothing and that the wife recover the entire title.

■ Appellants urge estoppel and laches against the wife. Viewed most favorably to appellants there is evidence that the mortgagee bank's representative telephoned the wife September 3, 1964 requesting that she sign a deed of trust which her husband was executing on the subject property. She did

not tell the bank's agent a divorce suit was pending. There was testimony from the wife that she was asked to sign some papers; that she was not told a mortgage was involved; that she refused to sign, saying she would talk to her husband about it; that she did so, and her husband said, "Forget about it; it has already been taken care of"; that she relied on the effectiveness of the court order restraining conveyance or encumbrance by the husband and "was under the impression he couldn't sell or mortgage." She testified that she was not told the husband was "putting a mortgage on the property."

The deed of trust was filed for record September 4, 1964. The trustee's deed was recorded March 4, 1965. The husband filed the present suit April 30, 1965. The wife testified she first found out the husband had mortgaged the property in April or May, 1965 when she was informed by her attorney. On May 18, 1965 she filed a contempt motion in the divorce suit, and her plea in intervention September 27, 1965, after the divorce decree rendered the preceding month.

The trial court found that the wife had no actual notice of the execution of the deed of trust or of the sale until April or May, 1965. This finding is not attacked.

The evidence does not establish the elements of estoppel or laches so as to preclude, as a matter of law, appellee's recovery.

Affirmed.