**FANNIN BANK et al., Petitioners,**

v.

**Delma Faye BLYSTONE, Respondent.**

No. B–476.

Supreme Court of Texas.

Feb. 21, 1968.

Reynolds, White, Allen & Cook, Grant Cook, William A. Paddock, Houston, for petitioners.

Rachel Johnson, Pasadena, for respondent.

## PER CURIAM.

■ During the pendency of a divorce action, the husband without the wife's knowledge, executed a deed of trust on community property which was later sold at a trustee's sale. The wife sued Fannin Bank, the purchaser, to recover the property because she had no notice of her husband's execution of the deed of trust which she alleged was executed by her husband in fraud of her rights. The trial court rendered judgment for the wife, and on appeal the court of civil appeals affirmed the judgment. 417 S.W.2d 502. The intermediate court based its affirmance upon article 4634, Vernon's Ann.Civ.Stats., holding that the pendency of a divorce action had the force of a lis pendens notice even in the absence of compliance with article 6640, Vernon's Ann.Civ.Stats. The holding was not necessary to the result, since the trial court made findings of fact and concluded that the Fannin Bank, as purchaser, had notice of the wife's interest in the real estate which was in litigation, and therefore knew or should have known that it could not rely upon the acts of the husband as manager of the community property. Petitioner Bank urges that there is no evidence to support the findings about notice, but our examination of the record convinces us that there were facts and inferences from which the bank should have known it could not rely upon the husband's signature. It is therefore unnecessary in this case to determine whether the mere pendency of a divorce action renders compliance with article 6640 unnecessary.

We overrule petitioners' motion for rehearing on our order refusing the application for writ of error, no reversible error.