**FIRST SOUTHERN PROPERTIES, INC., et al., Appellants,**

**v.**

**Fitzhugh L. GREGORY, Appellee.**

**No. 16706.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 3, 1976.

Lackshin, Nathan & Berg, Herbert N. Lackshin, Houston, for appellants.

Harry S. Jones, Bellaire, Charles C. Smith, Jr., Cameron, for appellee.

EVANS, Justice.

The basic question in this case is whether appellee, Fitzhugh L. Gregory, occupies the status of a bona fide purchaser under Section 24.02, Tex.Bus. & Com.Code, with respect to a conveyance executed by his brother, Arthur J. Gregory, in violation of a pendente lite injunctive order issued during a pending divorce action.

Appellee, Fitzhugh L. Gregory, brought this action in trespass to try title against First Southern Properties, Inc. and its president, Herbert Axelrad, who specially answered that the interest in suit had been acquired by First Southern Properties, Inc. under execution sale and that a prior conveyance from the judgment debtor, Arthur J. Gregory, to appellee had been executed without consideration and as a result of a fraudulent conspiracy between the two brothers. After a non-jury trial, the trial court entered judgment for appellee. We affirm.

In separate findings of fact the trial court found that appellee had acquired the one-half interest in a 20 acre tract of land under a deed from his brother, Arthur J. Gregory, dated January 2, 1970, which was filed for record on January 14, 1971. That on August 3, 1971, the constable purported to sell said interest to appellant, First Southern Properties, Inc. based upon execution under divorce judgment entered April 29, 1971, in favor of Louise Gregory, former spouse of the said Arthur J. Gregory. The court further found that on the date of said constable's deed, the said Arthur J. Gregory had divested himself of his separate undivided one-half interest by reason of the earlier recorded conveyance to appellee, his brother. That said conveyance had been made in good faith for a valuable consideration and with no intent to defraud the said Arthur J. Gregory's then wife or possible creditors, and that appellee did not know of or participate in any attempt to defraud.

In points of error one through eight and eleven through twenty-one, appellants contend that the trial court erred in finding that the conveyance to appellee was made

in good faith, for a valuable consideration and with no intent to defraud the grantor's then wife or possible creditors, and in finding that appellee did not know of or participate in the alleged fraud because such findings are not supported by factually sufficient evidence and are against the great weight and preponderance of the evidence. We shall consider these points collectively.

On January 2, 1970, Arthur J. Gregory owned as his separate property an undivided one-half interest in a 20 acre tract of land. The remaining one-half interest was owned by a former wife, Alta Gregory. On that date Arthur J. Gregory executed an instrument whereby he purported to "irrevocably transfer in trust" his office equipment, automobile, truck and the subject land to himself as trustee for the benefit of his daughter. By deed of same date, he purported to convey to his brother, appellee, his entire interest in the 20 acre tract. This conveyance recites a consideration of $10.00 in cash and the assumption of an outstanding indebtedness to Employees Credit Union in the original principal amount of $9,500.00. The certificates of acknowledgment attached to these two instruments each bear the same date, January 2, 1970, and are shown to have been acknowledged before Billie Brannon, a notary public, who subsequently married the said Arthur J. Gregory.

On January 2, 1970, divorce proceedings were pending between Arthur J. Gregory and his second wife, Louise Gregory. At an earlier hearing in those proceedings, held in June 1969, the court had enjoined Arthur J. Gregory from selling any of his separate or community property pending final hearing in the matter. A pendente lite order to that effect was subsequently entered on November 12, 1970. Although it is not clear from the record whether Gregory was in the courtroom at the time the trial court announced its order, the record reflects that Gregory was made aware of the injunctive order.

On April 29, 1971, which was subsequent to the date of the conveyance to appellee and after it was filed for record, Louise Gregory was granted a divorce in the pending divorce proceedings. Under the divorce judgment the undivided one-half interest in suit was awarded to Arthur J. Gregory and Louise Gregory was awarded a monetary recovery against Arthur J. Gregory in the sum of $2500.00 which was secured by a lien on said undivided interest. The basis for this monetary award is not clear but the award appears to have been made in adjustment of the parties' property rights. This decree further recites that Arthur J. Gregory had transferred the interest to his daughter in fraud of Louise Gregory's rights and that the daughter "is holding said real property in constructive trust and as trustee for the benefit of" Arthur J. Gregory. No mention is made in the decree of the conveyance from Arthur J. Gregory to appellee, and Arthur J. Gregory testified that he had not advised either his attorneys or the court that he had made such a conveyance.

Section 24.02, Tex.Bus. & Com.Code, provides in pertinent part:

"(a) A transfer of real or personal property . . . is void with respect to a creditor, purchaser, or other interested person if the transfer . . . was intended to

(1) delay or hinder any creditor, purchaser, or other interested person from obtaining that to which he is, or may become, entitled; or

(2) defraud any creditor, purchaser, or other interested person of that to which he is, or may become, entitled.

"(b) The title of a purchaser for value is not void under Subsection (a) of this section unless he purchased with notice of

(1) the intent of his transferor to delay, hinder, or defraud; or

(2) the fraud that voided the title of his transferor."

On January 2, 1970, the date of Arthur J. Gregory's conveyance to his brother, the divorce proceedings with his former wife, Louise Gregory, were pending and he was under temporary injunctive order of the court not to dispose of any of his community or separate property. In knowing viola-

tion of that order he executed the irrevocable transfer in trust for the ostensible benefit of his daughter which the divorce court subsequently determined to have been executed in fraud of his wife's rights. He also executed the purported conveyance to his brother, appellee herein, which he did not bring to the attention of the divorce court. Subsequent to January 2, 1970, the said Arthur J. Gregory retained possession of the deed to his brother and withheld it from record for more than a year, during which time he continued to collect rental from the property and made the monthly payments to the first lien holder. In July 1971, Arthur J. Gregory filed applications under oath, in proceedings which he brought against appellant to enjoin the constable's sale, wherein he alleged that he was a "present owner and holder of the title" to the property. Notwithstanding the explanations offered by Arthur J. Gregory with respect to his failure to place the conveyance of record and as to his conduct indicating continuation of his claim of ownership, these circumstances strongly tend to show that he intended to defraud his former wife, Louise Gregory, by placing the legal title to the property in his brother's name.

■ Although the blood relationship between Arthur J. Gregory and appellee does not, in itself, establish fraud, such relationship becomes important when considered with the other circumstances tending to show a fraudulent intent. *Texas Sand Co. v. Shield*, 381 S.W.2d 48, 53 (Tex. 1964). At the time of his purported conveyance to appellee, Arthur J. Gregory was under injunctive order of the divorce court not to dispose of either his separate or community property. Not only did the said Arthur J. Gregory directly violate this order, he elected not to advise either his counsel or the court that he had conveyed the property to his brother; on the contrary he allowed the entry of a judgment by the court based on the premise that he still held title to the property. This, in our opinion, constituted prima facie evidence of his fraudulent intent. *Texas Sand Co. v. Shield*, supra; *Briscoe v. Bronaugh*, 1 Tex. 326 (1846). Considering the record in its entirety, it clearly appears that Arthur J. Gregory committed a fraud upon his former spouse, Louise Gregory, and upon the divorce court. In our opinion, the trial court's findings that the conveyance by Arthur J. Gregory was made in good faith and without intent to defraud are against the great weight and preponderance of the credible evidence.

We next consider appellee's contention that he is entitled to the protection of a bona fide purchaser.

■ There was evidence before the trial court from which it could have determined, as a matter of fact, that appellee paid a valuable consideration for the interest of Arthur J. Gregory. Both appellee and his brother, Arthur J. Gregory, testified that at the time the deed was executed, appellee paid his brother $2,000.00 in cash and executed a note to his brother in the principal amount of $9,436.57. Appellee also assumed the balance due on the first lien indebtedness. A cash receipt for $2,000.00 signed by Arthur J. Gregory and the $9,436.57 note signed by appellee, both dated January 2, 1970, were received in evidence. Appellants direct our attention to the "flimsy" nature of the evidence pertaining to this transaction, pointing to the lack of evidence as to the source of the $2,000.00 payment and as to its disposition by Arthur J. Gregory. However, viewing the record as a whole we cannot say that the evidence was factually insufficient to support the trial court's finding of valuable consideration. Even aside from the cash payment and note, the assumption of the outstanding indebtedness to a third party under the terms of the conveyance constituted a sufficient basis for the court to have determined that a valuable consideration was paid by appellee to Arthur J. Gregory for such conveyance. *Shaw v. Warren*, 68 S.W.2d 588, 590 (Tex.Civ.App.—Eastland, 1933, no writ).

■ We now consider the court's finding that appellee's purchase was without notice of his brother's fraudulent intent. If a grantee has knowledge of his grantor's intent to delay, hinder or defraud creditors

the conveyance is void as to such creditors even though a valuable consideration has been paid. *Glenney v. Crane,* 352 S.W.2d 773, 775 (Tex.Civ.App.—Houston 1961, writ ref'd n. r. e.).

We must in this connection determine whether the pendency of the divorce proceedings constitutes constructive notice to appellee that Louise Gregory was a potential creditor or "interested person" within the meaning of Section 24.02, Tex.Bus. & Com.Code, as to the separate property of her husband, Arthur J. Gregory.

■ In *Fannin Bank v. Blystone,* 417 S.W.2d 502 (Tex.Civ.App.—Waco, 1967, writ ref'd n. r. e., 424 S.W.2d 626 (Tex.), a husband, during pendency of a divorce action and after he had been enjoined from encumbering or disposing of property, had executed a deed of trust on unimproved, non-homestead community realty. Article 4634, Vernon's Annotated Civil Statutes, then in effect, provided that the husband's alienation pending divorce was void if made "with a fraudulent view of injuring the rights of the wife." The court of civil appeals held that by virtue of the statute the lis pendens doctrine was applicable to encumbrances and conveyances of the husband pending divorce and that the purchaser was charged with constructive notice of the pending divorce action. The Texas Supreme Court in per curiam opinion refusing application for writ of error, n. r. e., held that there was evidence supporting the trial court's finding that the purchaser had notice of the wife's rights and that it was therefore unnecessary for the intermediate court to have decided whether the pendency of the divorce action rendered compliance with Article 6640, Tex.Rev.Civ.Stat.Ann., the lis pendens statute, unnecessary. Thus, the effect of Article 4634, now Section 3.57 of the Texas Family Code, as a lis pendens notice has not been finally decided by our highest court. See McKnight, Matrimonial Property, 22 Southwestern Law Journal 129, 138 (1968); Groce, 22 Baylor Law Review 135 (1970); *Benn v. Security Realty & Development Co.,* 54 S.W.2d 146, 150 (Tex. Civ.App.—Beaumont, 1932, writ ref'd).

Section 3.57 of the Texas Family Code pertains to disposition of *community* property pendente lite. Under the facts present in the instant case we hold that the mere pendency of the divorce action was not constructive notice to appellee of the rights of Louise Gregory, the former wife of Arthur J. Gregory, with respect to her husband's separate property.

■ We also hold that the trial court's finding that appellee was without actual notice of his grantor's fraudulent intent has evidentiary support and is not against the great weight and preponderance of the evidence.

Appellee testified by deposition that he had bought the property from his brother in order to help his brother financially and also for investment purposes. He stated he was not aware of his brother's involvement in the divorce proceedings and wasn't sure when he first learned about a divorce, whether it was in 1970 or 1971. He did not know why the deed had not been recorded until 1971. He testified that this was the only land investment he had ever made other than the purchase of his own homestead; that his brother had set the amount of the purchase price and he had given his brother $2,000.00 in cash and had taken up the payments on the first lien note. He testified he had paid the interest on the note annually, was leasing this property through his brother, and had received one rental payment.

Arthur J. Gregory testified that he had a normal blood relationship with his brother and at various times since 1948 had borrowed money from him. The interest in question was the only property he had ever sold to his brother. He testified that he had first told his brother about the divorce proceedings with his wife, Louise Gregory, in the latter part of 1971 after the divorce had taken place.

The trial court was entitled to accept this testimony as credible evidence that appellee was without actual knowledge of the pendency of the divorce proceeding and of the rights of the said Louise Gregory with respect thereto at the time of his acquisition

of the interest of his brother, Arthur J. Gregory. There is no evidence in the record indicating that appellee was placed on actual notice of such matters, either prior to January 2, 1970, the date indicated on the face of the deed, or January 14, 1971, the date when the deed was filed for record. Upon the state of the record we cannot say that the trial court erred in its finding that appellee occupied the status of a bona fide purchaser for value without notice.

In their points of error nine, ten and twenty-two appellants assert error by the trial court in sustaining appellee's objections to certain questions and interrogatories addressed to Arthur J. Gregory. We have reviewed the evidence adduced upon appellants' bills of exceptions with respect to these matters and in accordance with our determination of the evidentiary matters above, we perceive no harm resulting to appellants from the trial court's refusal to consider the excluded evidence. Rule 434, Texas Rules of Civil Procedure.

In appellants' point of error twenty-three they assert that the findings of fact and conclusions of law filed by the court were not actually "found" as required by Rule 296, Texas Rules of Civil Procedure. We are also of the opinion that such error, if any, is harmless since in the absence of express findings we must imply findings in support of the judgment. We also deny appellants' point of error twenty-four wherein they generally assert they were deprived of a fair and impartial trial before the court.

Affirmed.